A99A2085. THE STATE v. WARREN.
(530 SE2d 515)

MILLER, Judge.

Indicted for illegal drug possession, Ronnie Warren moved on various grounds to suppress the cocaine found in his car, including that the officer lacked a reasonable suspicion to stop him. After an evidentiary hearing, the trial court granted the motion, holding that the officer lacked "probable cause" for the traffic stop.

The court erred in basing its ruling on the conclusion that the State failed to prove probable cause for the traffic stop. As reiterated in *Raulerson v. State*:[1]

[A]n officer may conduct a brief investigative stop of a vehi-

cle only when such a stop is justified by specific, articulable facts sufficient to give rise to a reasonable suspicion of criminal conduct. This suspicion need not meet the standard of probable cause, but must be more than mere caprice or a hunch or an inclination.[2]

On a motion to suppress, it is within the sole province of the trial court to hear the evidence and determine the facts based on the credibility of the witnesses and the resolution of conflicting evidence.[3] Thus, where the trial court has used the wrong standard in reaching its conclusion and legitimate credibility issues are raised, we vacate the judgment and remand the case for reconsideration in light of the correct standard.[4] Here the cross-examination of the officer raised legitimate credibility issues about his truthfulness, including about whether the backup lights were indeed activated. Thus, we vacate the judgment and remand the case for the trial court to determine whether the officer had a reasonable, articulable suspicion of criminal activity to justify stopping Warren. For the benefit of the trial court, we note that improperly activated backup lights would violate OCGA § 40-8-26 (b)'s requirement that "other signal lights . . . shall at all times be maintained in good working condition."

*Judgment vacated and case remanded with direction. Pope, P. J., and Smith, J., concur.*

### DECIDED MARCH 6, 2000.

*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney*, for appellant.

*Kam & Ebersbach, Michael G. Kam, Brian D. Lewis*, for appellee.

---

[2] (Citations and punctuation omitted.) Id. at 557 (2).

[3] *Tate v. State*, 264 Ga. 53, 56 (3) (440 SE2d 646) (1994).

[4] See, e.g., *State v. Long*, 239 Ga. App. 463, 465-466 (521 SE2d 401) (1999); *State v. Barnett*, 233 Ga. App. 496, 498 (2) (504 SE2d 531) (1998).