**FOURTH DIVISION**
**DOYLE, P. J.,**
**MILLER and DILLARD, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**August 26, 2014**

# In the Court of Appeals of Georgia

A14A0986. WILLIAMS v. THE STATE.

DILLARD, Judge.

Following a jury trial, Anthony Williams was convicted of one count of burglary. Williams appeals his conviction, arguing that the trial court erred in excluding evidence of a witness's prior conviction and in denying his claim that the prosecutor engaged in misconduct by failing to comply with discovery requirements. For the reasons set forth *infra*, we affirm.

Viewed in the light most favorable to the jury's verdict,[1] the record shows that on the morning of April 4, 2012, Ledale Curry left his home to help a friend run a few errands. Curry returned home less than an hour later, and upon entering his front door, he heard footsteps inside—which he found disconcerting because his family

---

[1] *See, e.g.*, *Powell v. State*, 310 Ga. App. 144, 144 (712 SE2d 139) (2011).

members were usually not at home that time of the day. A few seconds later, Curry saw a young male—subsequently identified as Williams—walking down the hallway. For a moment, Williams and Curry stared at each other, allowing Curry to get a good look at Williams's face. And although Curry did not know Williams's name, he recognized him as someone he had seen in the neighborhood. Williams then quickly fled out the back door of Curry's home. Curry briefly gave chase, but stopped when Williams and another young male, whom he had not seen inside his home, escaped over the fence in his backyard.

In the aftermath of this unsettling encounter, Curry noticed his television unplugged and laying on the sofa, as well as a laptop computer and iPad on the ground just outside the back door, indicating that the burglars dropped these items as they fled the premises. He then called the police to report the burglary, but the perpetrators were not apprehended at that time. However, later that same afternoon, Curry saw Williams and another young male, ultimately identified as Devan Williams, walking through the neighborhood. And recognizing Anthony Williams as one of the burglars, Curry immediately called the police again. This time, the responding officers were able to arrest both suspects.

Both Anthony Williams and Devan Williams were charged, via indictment, with one count of burglary.[2] And during the trial, Curry testified about coming home and interrupting the burglary in progress and reiterated that Anthony Williams was the young man he saw inside his house.[3] In addition to presenting Curry's testimony, the State called the responding detective to testify regarding his investigation of the matter, and at the trial's conclusion, the jury found Anthony Williams guilty of burglary. This appeal follows.

1. Williams contends that the trial court erred in excluding evidence of the victim's (*i.e.*, Curry's) prior conviction for possession of cocaine. We do not agree that this exclusion constituted reversible error.

As a general rule, admission of evidence is a matter "resting within the sound discretion of the trial court, and appellate courts will not disturb the exercise of that

---

[2] *See* OCGA § 16-7-1 (b) ("A person commits the offense of burglary in the first degree when, without authority and with the intent to commit a felony or theft therein, he or she enters or remains within an occupied, unoccupied, or vacant dwelling house of another or any building, vehicle, railroad car, watercraft, aircraft, or other such structure designed for use as the dwelling of another.").

[3] Curry conceded during his testimony that he was not certain as to whether Devan Williams was the other young man who he saw escaping over his back fence. Consequently, the State *nolle prossed* the charge as to him.

discretion absent evidence of its abuse."[4] Furthermore, the constitutionally improper denial of a defendant's opportunity to impeach a witness, "like other Confrontation Clause errors, is subject to a harmless-error analysis."[5] And to determine whether a constitutional error is harmless, we must consider whether the error was harmless beyond a reasonable doubt.[6] With these guiding principles in mind, we turn now to Williams's claims of error.

In this matter, during his cross-examination of Curry, Williams's counsel inquired about a statement Curry gave to the police. And although the inquiry made no mention of a prior criminal record, Curry responded: "You know, I'm the type of fellow, you know, I done been in some trouble too. I've got a record. I've been to prison and all that, and I've got a brother that has done did murder charges and all that." Almost immediately after this statement was made, a bench conference ensued, during which the State's prosecutor noted that Curry was convicted for possession of

---

[4] *Martinez v. State*, 306 Ga. App. 512, 525 (6) (702 SE2d 747) (2010) (punctuation omitted).

[5] *Id.* (punctuation omitted).

[6] *See Hawkins v. State*, 316 Ga. App. 415, 418 (2) (a) (729 SE2d 549) (2012) ("The correct inquiry is whether, assuming that the damaging potential of the cross-examination were fully realized, a reviewing court might nonetheless say that the error was harmless beyond a reasonable doubt." (punctuation omitted)).

cocaine approximately nine years prior to this trial. Williams's counsel then sought

admission of that conviction into evidence, but the prosecutor argued that such

evidence should be excluded as irrelevant. Ultimately, the trial court found that the

prejudicial effect of Curry's conviction outweighed its probative value and, therefore,

excluded it.

Williams argues that the trial court failed to correctly analyze the admissibility

of Curry's prior conviction under the new evidence code[7] and, thus, erred in

excluding it. In that regard, OCGA § 24-6-609 (a) (1) provides, in relevant part, that:

> For the purpose of attacking the character for truthfulness of a witness
> . . . [e]vidence that a witness other than an accused has been convicted
> of a crime shall be admitted subject to the provisions of Code Section
> 24-4-403 if the crime was punishable by death or imprisonment in
> excess of one year under the law under which the witness was convicted
> . . . .[8]

And pursuant to subsection (b) of that statute, "[e]vidence of a conviction under this

Code section shall not be admissible if a period of more than ten years has elapsed

---

[7] Williams was tried on July 16 and 17, 2013, and therefore Georgia's new evidence code was applicable. *See* Ga. Laws 2011, p. 99, § 101.

[8] *See* OCGA § 24-6-609 (a) (1).

since the date of the conviction or of the release of the witness from the confinement imposed for such conviction, whichever is the later date . . . ."[9]

Here, it was undisputed that Curry's conviction for possession of cocaine was less than ten years old and constituted a crime punishable by imprisonment in excess of one year.[10] Thus, pursuant to OCGA § 24-6-609 (a) (1), as noted *supra*, the admissibility of that conviction hinged upon the application of OCGA § 24-4-403, which tracks Federal Rule of Evidence 403, and provides: "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."[11]

Prior to the enactment of the new evidence code, Georgia had no direct statutory equivalent to Rule 403, but case law on the issue generally required that a trial court merely balance the probative value of evidence with its prejudicial effect

---

[9] *See* OCGA § 24-6-609 (b).

[10] *See* OCGA § 16-13-30 (c) (1).

[11] OCGA § 24-4-403.

without requiring that the objecting party establish substantial prejudice.[12] In stark contrast, the plain meaning of OCGA § 24-4-403's text makes clear that the trial court may only exclude relevant evidence when its probative value is "substantially outweighed"[13] by one of the designated concerns. Indeed, the Eleventh Circuit[14] has described Rule 403 as "an extraordinary remedy which the . . . courts should invoke sparingly, and the balance should be struck in favor of admissibility."[15] Obviously, the reason for such caution is that relevant evidence in a criminal trial is "inherently prejudicial," and, as a result, Rule 403 "permits exclusion only when unfair prejudice

---

[12] *See* RONALD L. CARLSON & MICHAEL SCOTT CARLSON, CARLSON ON EVIDENCE 46 (2d. ed. 2014); *see also Waye v. State*, 326 Ga. App. 202, 205 (3) n.2 (756 SE2d 287) (2014) (holding that court only had to determine whether the probative value of witness's prior conviction outweighed its prejudicial effect, not whether it substantially outweighed that effect); *Smith v. State*, 319 Ga. App. 164, 167-68 (2) (735 SE2d 153) (2012) (holding that standard for admissibility of witness's prior conviction is whether probative value merely outweighs its prejudicial effect).

[13] *See* OCGA § 24-4-403.

[14] Given the similarity between Georgia's new evidence code and the Federal Rules of Evidence "it is proper that we give consideration and great weight to constructions placed on the Federal Rules by the federal courts." *Jones v. State*, 326 Ga. App. 658, 660 (1) (757 SE2d 261) (2014) (punctuation omitted).

[15] *United States v. Lopez*, 649 F3d 1222, 1247 (VII) (11th Cir. 2011) (punctuation omitted); *accord Flading v. State*, ___ Ga. App. ___ , Slip op. at 11 (Case No. A14A0557; decided May 22, 2014).

7

substantially outweighs probative value."[16] The primary function of Rule 403, then, is to exclude evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."[17]

As previously noted, in reviewing an evidentiary ruling, this Court must determine whether that ruling constituted an abuse of the trial court's discretion.[18] A proper application of the abuse-of-discretion review recognizes "the range of possible conclusions the trial judge may reach," and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court "even though we would have gone the other way had it been our call."[19] That said, while the abuse-of-discretion standard presupposes a "range of possible conclusions" that can be reached by a trial court with regard to a particular evidentiary issue, it does not permit a "clear error of

---

[16] *United States v. Merrill*, 513 F3d 1293, 1301 (II) (B) (11th Cir. 2008); *accord United States v. Betancourt*, 734 F2d 750, 757 (IV) (11th Cir. 1984); *Flading*, Slip op. at 11.

[17] *United States v. Utter*, 97 F3d 509, 515 (II) (B) (2) (11th Cir. 1996) (punctuation and citation omitted); *accord United States v. McRae*, 593 F2d 700, 707 (5th Cir. 1979); *Flading*, Slip op. at 11.

[18] *See Sifuentes v. State*, 293 Ga. 441, 445 (3) (746 SE2d 127) (2013); *Hinton v. State*, 280 Ga. 811, 816 (6) (631 SE2d 365) (2006).

[19] *United States v. Frazier*, 387 F 3d 1244, 1259 (II) (11th Cir. 2004) (punctuation omitted).

judgment" or the application of "the wrong legal standard."[20] And here, the trial court merely found that the probative value of Curry's prior conviction for possession of cocaine was outweighed by its prejudicial effect and did not require the State to show that such prejudice *substantially* outweighed any probative value. In doing so, the trial court failed to analyze the issue under OCGA § 24-4-403, and, consequently, it erred. Nevertheless, it is a fundamental principle that "harm as well as error must be shown for reversal,"[21] and we conclude that Williams was not harmed by the trial court's evidentiary ruling.

As noted *supra*, even before the bench conference (during which the admissibility of Curry's prior conviction was discussed), Curry testified that he had prior troubles with the law, that he had a criminal record, and that he spent time in prison. Thus, evidence of Curry's criminal history—albeit unspecific—was presented to the jury. In fact, Curry's own testimony arguably damaged his credibility far more than Williams would have done by being limited to merely introducing the record of

---

[20] *Id.*

[21] *O'Neal v. State*, 288 Ga. 219, 223 (2) (702 SE2d 288) (2010) (punctuation omitted).

9

Curry's prior conviction[22] for possession of cocaine.[23] Consequently, at most, the admission of Curry's prior conviction would have been cumulative of his own damaging testimony. Accordingly, the trial court's error in failing to correctly apply OCGA § 24-4-403 in determining the admissibility of Curry's prior felony conviction was harmless.[24]

2. Williams further contends that the trial court erred in denying his claim that the State's prosecutor engaged in misconduct by failing to comply with discovery requirements. We disagree.

---

[22] As the State notes in its brief, "Mr. Curry's testimony could easily have led the jury to believe that he had a much more serious criminal past than would have been shown by one conviction for simple possession of drugs."

[23] *See Martinez v. State*, 284 Ga. 138, 140 (3) (663 SE2d 675) (2008) (noting that "a defendant may not attempt to impeach the character or veracity of a witness by specific instances of prior misconduct unless the misconduct has resulted in the conviction of a crime involving moral turpitude" (punctuation omitted)); *Kimbrough v. State*, 254 Ga. 504, 505 (2) (330 SE2d 875) (1985) ("To impeach a witness by a prior conviction the conviction must be proved by the record of conviction itself, not by cross-examination." (punctuation omitted)).

[24] *See Hoffler v. State*, 292 Ga. 537, 539-40 (2) (739 SE2d 362) (2013) (holding that trial court's error in admitting defense witness's prior conviction, which was more than ten years old, was harmless given the fact that witness later made an unsolicited reference to his criminal history); *Fields v. State*, 285 Ga. App. 345, 346-47 (3) (646 SE2d 326) (2007) (holding that trial court's error in barring cross-examination of a witness about pending charges for purpose of exploring bias was harmless when witness's credibility was put in doubt by another witness).

It is well established that a charge of prosecutorial misconduct is "a serious charge and is not to be lightly made; having raised it, [defendant] has the duty to prove it by the record and by legal authority."[25] Additionally, when a defendant alleges a factually specific claim of prosecutorial misconduct, the defendant must show actual misconduct and demonstrable prejudice to his right to a fair trial in order to reverse his conviction.[26]

Here, during Williams's trial, the investigating detective testified that a palm print was recovered from Curry's home after the burglary but that its quality was poor and, therefore, no comparison could be made when the print was analyzed via the Automated Fingerprint Identification System ("AFIS"). Williams's counsel did not object to this testimony and, in fact, cross-examined the detective regarding this issue. Nevertheless, immediately after the State rested, Williams's counsel complained that

---

[25] *Brooks v. State*, 285 Ga. 246, 251 (5) (674 SE2d 871) (2009) (punctuation omitted).

[26] *See McGarvey v. State*, 186 Ga. App. 562, 564 (2) (368 SE2d 127) (1988) (holding that misconduct would not demand the extreme remedy of dismissal of the charge unless it caused demonstrable prejudice to the defendant's constitutional or statutory rights or deprived him of a fair trial); *see also Smith v. Phillips*, 455 U.S. 209, 219 (III) (102 SCt. 940, 71 LE2d 78) (1982) (noting that "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor").

11

the State failed to provide him with the palm-print information and actually notified him that the print taken from the scene had been lost. The State's prosecutor replied that a follow-up email sent to the public defender's office explained that the palm-print card was located but that no comparison could be made. However, Williams's counsel responded that because he was conflict counsel, he was not privy to emails sent to the public defender's office. Following this colloquy, the trial court found it unnecessary to rule on this issue in light of the fact that the palm print did not incriminate Williams.

On appeal, Williams now argues that the prosecutor's failure to inform his counsel about the palm print constituted prosecutorial misconduct and warrants reversal of his conviction. However, regardless of whether the prosecutor's failure in this instance constitutes merely a miscommunication or instead arguably amounts to "misconduct,"[27] the fact remains that the palm print did not incriminate Williams. And given these circumstances, Williams has failed to show that he was harmed by this

---

[27] It is worth noting that the collection of prints from the crime scene was mentioned in the police report, which was turned over to the defendant by the State during discovery.

lack of disclosure. Accordingly, this issue presents no ground for reversing Williams's conviction.[28]

*Judgment affirmed. Doyle, P. J., and Miller, J., concur.*

---

[28] *See Kitchens v. State*, 289 Ga. 242, 245-46 (3) (710 SE2d 551) (2011) (holding that based on "the absence of any evidence of specific harm or prejudice to the defendant, the trial court did not err when it denied appellant's motion for new trial on the basis of prosecutorial misconduct"); *McGarvey*, 186 Ga. App. at 564 (2) (holding that even if prosecutor engaged in misconduct, defendant was not actually prejudiced and, thus, dismissing charges was not required).