**THIRD DIVISION**
**GOBEIL,**
**COOMER and HODGES, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**January 10, 2019**

# In the Court of Appeals of Georgia

A18A1621. THE STATE v. ISHAM.

GOBEIL, Judge.

Pursuant to OCGA § 5-7-1 (a) (5), the State appeals from the Floyd County Superior Court's order denying the State's request to introduce "other acts" evidence, pursuant to OCGA § 24-4-404 (b) ("Rule 404 (b)"), in its prosecution of Brandon Isham on the charges of rape, aggravated assault with intent to rape, aggravated assault, and two counts of aggravated sodomy. The State contends that the trial court abused its discretion in excluding the other acts evidence and failed to properly apply the relevant balancing test. Finding no clear abuse of discretion, we affirm.

"A trial court's decision under OCGA §§ 24-4-403 and 24-4-404 (b) to exclude or admit other acts evidence will be overturned only where there is a clear abuse of

discretion." *State v. Brown*, 333 Ga. App. 643, 654 (3) (777 SE2d 27) (2015). "A proper application of the abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call." *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) (citation, punctuation, and footnote omitted).

The record shows that the State indicted Isham for the rape, aggravated assault with intent to rape, aggravated assault, and aggravated sodomy (two counts) of a female victim. As alleged by the State in its brief, these charges arose after the victim reported to police that, on July 21, 2017, she accepted a ride home offered by Isham from a local Walmart shopping center, but instead of driving her home, Isham drove to an isolated area and forcibly raped her. Additionally, he attempted to forcibly perform acts of sodomy involving his penis and the victim's anus and mouth. Isham pled not guilty, and a jury trial was scheduled.

The State filed a pre-trial notice of intent to introduce evidence of other acts, pursuant to Rule 404 (b). In relevant part, the State sought to introduce evidence that, on July 23, 2017 (two nights after the alleged incident involving the victim in the case sub judice), Isham was arrested and charged with public indecency, public

2

drunkenness, and disorderly conduct after he exposed himself to a female customer inside the same Walmart store. He pled guilty to the disorderly conduct charge, and the State nolle prossed the other two charges. The State maintained that this other acts evidence should be admissible in the instant case as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

The trial court held a hearing concerning the State's request. The State presented testimony from a female customer, that, while shopping in the West Rome Walmart in July 2017, Isham started a conversation with her and asked for her phone number, which she declined to give to him. As she started to walk away, she turned back to look at Isham and she saw that his penis was outside of his shorts.[1] The State maintained that this evidence was not unduly prejudicial and was relevant because it tended to show Isham's propensity for initiating "unwanted contact and interaction with women not known to him at a very particular place"—the West Rome Walmart. Additionally, the State generally posited that this evidence showed knowledge,

[1]The State also proffered expected testimony from a second female customer, who was unavailable to testify at the hearing, that Isham approached her in the store and placed his hand on her hip without her consent and then followed her to a second aisle where he "had her hemmed into an area." However, the trial court declined to consider this incident because it was unsupported by witness testimony, and this issue is not before us on appeal.

3

identity, and opportunity. The State maintained that by pleading not guilty in the instant case, Isham had placed consent at issue, and, therefore, the State should be permitted to introduce evidence of other instances where Isham had approached women and made contact of a sexual nature without their consent. Finally, the State argued that this evidence was admissible because it went to Isham's state of mind.

Isham's counsel argued, in relevant part, that this evidence was not relevant to show a predisposition toward unwanted contact of a sexual nature with women because the exposure incident occurred after the alleged acts with which Isham was charged in the case sub judice. Further, Isham's counsel argued that the evidence was irrelevant because trying to meet women at Walmart had nothing to do with whether the sexual acts between Isham and the victim in the underlying case were consensual. Finally, counsel argued that the prejudicial impact of this other acts evidence substantially outweighed any probative value, that it would mislead and confuse the jury, and that there was no legitimate purpose for this evidence other than to show Isham's bad character. The State then briefly reiterated its argument that this evidence was relevant and admissible under Rule 404 (b), and the trial court took the issue under advisement.

Thereafter, on March 23, 2018, the trial court issued an order denying the State's Rule 404 (b) request. The trial court explained that, in determining whether to admit other acts evidence, it must determine: (1) whether the proposed evidence is relevant for the asserted purpose (in this case, to prove knowledge, identity, motive/intent, and plan) and is not merely offered to illustrate the defendant's propensity to commit the charged offenses; (2) whether there is sufficient proof from which a jury could conclude by a preponderance of the evidence that the other acts occurred; and (3) whether the probative value of the evidence is substantially outweighed by its prejudicial effect.

The trial court then conducted a thorough analysis of each prong of the test, ultimately concluding that the State's need to prove that Isham was soliciting sex at the Walmart where he met the victim was low because it appeared that he was going to argue that the victim consented to the sexual acts, while the undue prejudice resulting from the admission of the other acts evidence "would be extremely high." The court noted that, due to the "offensive nature" of the exposure incident, it "would likely produce an irrational response from the jury" and there was a likelihood the jury could convict Isham in the instant case because of the exposure incident. Accordingly, the trial court concluded that the undue prejudice substantially

5

outweighed the probative value of the other acts evidence, and, therefore, this evidence was inadmissible in the State's case-in-chief or in rebuttal. However, the court noted that, if as the trial progressed, the State believed that "the defendant [was] contesting some issue that may cause the probative value of this evidence to soar," the State could seek further ruling on the issue outside the jury's presence. The State timely filed a notice of appeal.[2]

Evidence of other acts is inadmissible to establish an accused's propensity to commit a crime, but it may be admissible for other purposes, "including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OCGA § 24-4-404 (b).

> In determining the admissibility of "other acts" evidence, [the Supreme Court of Georgia] has adopted the Eleventh Circuit's three-part test for admissibility under Federal Rule of Evidence 404 (b) which requires that the admitting court find (1) the evidence is relevant to an issue in the case other than the defendant's character, (2) the probative value is not substantially outweighed by undue prejudice, and (3) there is sufficient proof for a jury to find by a preponderance of the evidence that the defendant committed the prior act. When weighing the probative value of other acts evidence against its prejudicial effect, Georgia courts

---

[2] According to the State, after filing its notice of appeal, Isham was released on bond on March 27, 2018.

apply the balancing test set forth in OCGA § 24-4-403, which similarly tracks its federal counterpart. See Fed. R. Evid. 403.

*Parks v. State*, 300 Ga. 303, 305-06 (2) (794 SE2d 623) (2016) (citations, punctuation, and footnote omitted).

Specifically, under OCGA § 24-4-403, "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." As we have explained,

> the plain meaning of OCGA § 24-4-403's text makes clear that the trial court may only exclude relevant evidence when its probative value is substantially outweighed by one of the designated concerns. Indeed . . . Rule 403 [is] an extraordinary remedy which the court should invoke sparingly, and the balance should be struck in favor of admissibility. Obviously, the reason for such caution is that relevant evidence in a criminal trial is inherently prejudicial, and, as a result Rule 403 permits exclusion only when unfair prejudice substantially outweighs probative value. The primary function of Rule 403, then, is to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect.

*Williams*, 328 Ga. App. at 879-80 (1) (citations, punctuation, and footnotes omitted).

7

The State contends that the trial court abused its discretion in excluding the other acts evidence because it failed to properly apply the balancing test. . Specifically, the State argues that the trial court misinterpreted *Brown v. State*, 303 Ga. 158 (810 SE2d 145) (2018) as requiring consideration of the potential defenses in Isham's case as part of its Rule 404 (b) analysis, which "inadvertently skewed" the trial court towards exclusion of the other acts evidence. Additionally, the State argues that the trial court failed to take into account that excluding evidence under OCGA § 24-4-403 is an extraordinary remedy that must be used sparingly and failed to consider the prosecutorial need for the other acts evidence. The State maintains that the exposure incident is relevant to show intent, a plan, and that Isham acted not out of mistake or accident, and that this evidence is not unfairly prejudicial.

A review of the record establishes that the trial court set forth the correct three-part test for determining the admissibility of other acts evidence under Rule 404 (b), and then applied that test. Although the State maintains that the trial court erroneously considered Isham's potential defenses as part of its analysis based on a misinterpretation of *Brown*, that argument is unpersuasive. The trial court discussed *Brown* only once in its order, noting that, the Supreme Court of Georgia reversed the judgment in *Brown* after concluding that the trial court committed reversible error in

8

admitting other acts evidence based in part on the defendant's asserted defense. The trial court explained that, because it was sitting in a pre-trial posture, it did not know what Isham's asserted defenses might be, but the most logical defenses to the pending charges were either mistaken identity or consent.[3] The trial court proceeded to consider those potential defenses as part of its determination as to the relevancy and probative value of the other acts evidence in the State's prosecution of Isham. There was no error in considering those potential defenses as they were inextricably intertwined with consideration of the prosecutorial need for, and probative value of, the other acts evidence. Indeed, the State itself argued at the hearing that the other acts evidence was necessary because by pleading not guilty Isham placed consent at issue. Further, there is nothing in the record that indicates that consideration of Isham's potential defenses skewed the case toward a defense perspective or that the trial court misinterpreted or misapplied *Brown*.

In other words, even assuming, arguendo, that the exposure incident was relevant and otherwise admissible in the underlying prosecution for all of the purposes argued by the State, this evidence could still be excluded on the basis of the balancing test under OCGA § 24-4-403. *Brown*, 333 Ga. App. at 653 (3) ("Even when

---

[3] Isham acknowledges in his brief that "consent is the defense in this case."

9

a trial court determines that [the standards] for admissibility under OCGA § 24-4-404 (b) are satisfied, the trial court may still exclude the evidence pursuant to OCGA § 24-4-403"); see also *Parks*, 300 Ga. at 305-06 (2). And, the State's argument that the trial court failed to consider that Rule 403 is an extraordinary remedy that should be used sparingly or the prosecutorial need for the other acts evidence is belied by the record. Indeed, the trial court expressly noted that "exclusion of 'other acts' evidence under Rule 403 is an 'extraordinary remedy to be used sparingly.'" The trial court then considered the probative value of the exposure incident in the underlying prosecution and weighed that value against the risk of unfair prejudice. The trial court expressed concern that the probative value of the exposure incident was low, while admission of it in the underlying prosecution "would likely produce an irrational response from the jury" and carried "a likelihood the jury may convict [Isham] of the charged behavior *because of* the other perverted behavior in which he has participated which might cause the jury to conclude the defendant had a propensity to commit the far more serious crimes charged." Thus, the trial court determined that "the undue prejudice which would result from the admission of the proffer[ed] 'other acts' substantially outweighs the probative value of that evidence," which is an accurate paraphrase of the standard set forth in OCGA § 24-4-403 and was well within the

10

range of possible conclusions the court could have reached based on the concerns outlined in Rule 403. There is nothing in the record that indicates that the trial court misinterpreted or misapplied the three-part test for determining the admissibility of other acts evidence under Rule 404 (b).

Moreover, the trial court left its ruling open for reconsideration, noting that, if as the trial progressed, an issue arose that caused the probative value of the other acts evidence to increase, the State could seek further ruling on the admissibility of this evidence from the court. Accordingly, given the record before us, we find that the State has failed to carry its burden of demonstrating that the trial court clearly abused its discretion in excluding the other acts evidence. *Williams*, 328 Ga. App. at 880 (1).

*Judgment affirmed. Coomer and Hodges, JJ., concur.*