**SECOND DIVISION**
**MILLER, P. J.,**
**RICKMAN and REESE, JJ.**

**NOTICE: Motions for reconsideration must be**
*physically received* **in our clerk's office within ten days**
**of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**August 20, 2019**

# In the Court of Appeals of Georgia

A19A1478. THE STATE v. JACKSON.

RICKMAN, Judge.

Alfonza Jackson was indicted on three counts of aggravated assault (family violence), one count of battery (family violence), one count of simple assault (family violence), and one count of criminal trespass. The State filed a "Notice of Intent to Present Other Acts Evidence" seeking to admit evidence of prior bad acts pursuant to OCGA § 24-4-404 (b) through the testimony of three witnesses. The trial court denied the State's motion. On appeal, the State contends that the trial court applied an improper standard when it excluded the evidence. For the following reasons, we vacate the judgment and remand this case to the trial court for proceedings consistent with this opinion.

"[I]n reviewing an evidentiary ruling, this Court must determine whether that ruling constituted an abuse of the trial court's discretion." *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014).

Prior to Jackson's trial for crimes of family violence against a woman with whom he previously resided, the State filed its notice to introduce evidence of his prior bad acts against three other women pursuant to OCGA § 24-4-404 (b). Following a hearing, the trial court found that "[t]he State has identified three witnesses, all of whom previously were romantically involved with Jackson and all of whom allegedly will testify as to acts of domestic violence committed against them by Jackson in the past." As to each of the witnesses, the trial court found that the probative value of the evidence was outweighed by the danger of unfair prejudice.

"Evidence of other crimes, wrongs, or acts shall not be admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." OCGA § 24-4-404 (b). "Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403.

"Prior to the enactment of the new evidence code, Georgia had no direct statutory equivalent to Rule 403, but case law on the issue generally required that a trial

2

court merely balance the probative value of evidence with its prejudicial effect without requiring that the objecting party establish substantial prejudice." *Williams*, 328 Ga. App. at 879 (1). "In stark contrast, the plain meaning of OCGA § 24-4-403's text makes clear that the trial court may only exclude relevant evidence when its probative value is 'substantially outweighed' by one of the designated concerns." Id.

"[T]he exclusion of evidence under Rule 403 is an extraordinary remedy which should be used only sparingly." (Citation and punctuation omitted.) *Olds v. State*, 299 Ga. 65, 70 (2) (786 SE2d 633) (2016). "Obviously, the reason for such caution is that relevant evidence in a criminal trial is 'inherently prejudicial,' and, as a result, Rule 403 permits exclusion only when unfair prejudice substantially outweighs probative value." (Citation and punctuation omitted.) *Williams*, 328 Ga. App. at 879 (1). "The primary function of Rule 403, then, is to exclude evidence of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." (Citation and punctuation omitted.) Id. at 879-880 (1).

"As previously noted, in reviewing an evidentiary ruling, this Court must determine whether that ruling constituted an abuse of the trial court's discretion." *Williams*, 328 Ga. App. at 880 (1). "A proper application of the abuse-of-discretion review recognizes the range of possible conclusions the trial judge may reach, and that

there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call." (Citation and punctuation omitted.) Id. "That said, while the abuse-of-discretion standard presupposes a range of possible conclusions that can be reached by a trial court with regard to a particular evidentiary issue, it does not permit a clear error of judgment or the application of the wrong legal standard." (Citation and punctuation omitted.) Id.

Here, the trial court found only that the probative value of the other acts evidence was outweighed by the danger of unfair prejudice and failed to analyze whether such prejudice substantially outweighed any probative value. Accordingly, the trial court erred when it performed its analysis of the issue under OCGA § 24-4-403. See *Williams*, 328 Ga. App. at 880 (1). We therefore vacate the judgment and remand the case for reconsideration in light of the correct standard under OCGA § 24-4-403. See generally *State v. Warren*, 242 Ga. App. 605, 605 (530 SE2d 515) (2000).

*Judgment vacated; case remanded. Miller, P. J., and Reese, J., concur.*