**FIFTH DIVISION
MCFADDEN, P. J.,
BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**April 26, 2023**

# In the Court of Appeals of Georgia

A23A0265. THE STATE v. HARNETT.

MCFADDEN, Presiding Judge.

The state directly appeals from the trial court's order excluding evidence of a victim's level of certainty that Nyah Kenyata Harnett was the person who stole her debit card. See OCGA § 5-7-1 (a) (5) (permitting the state, in certain circumstances, to directly appeal from an order excluding evidence to be used by the state at trial). But it appears from the record that the trial court did not conduct the statutory balancing test required to exclude otherwise relevant evidence. See OCGA § 24-4-403. So we vacate the judgment and remand for the trial court to conduct this test in the first instance.

The state charged Harnett with armed robbery and financial transaction card fraud, alleging that he had used an "article having the appearance of an offensive

weapon" to take the victim's debit card from her and then used the card to buy a television from a store. Harnett filed a motion to suppress the victim's identification of him as the perpetrator, which the trial court denied. Harnett also filed a motion to exclude evidence and argument regarding the victim's level of certainty in that identification, which the trial court granted. The only issue on appeal is the correctness of this second order, excluding the level-of-certainty evidence and argument pertaining thereto.

Rule 403 of our Evidence Code permits a trial court to exclude otherwise relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." OCGA § 24-4-403. These are the only grounds upon which that statute authorizes a trial court to exclude relevant evidence. See *Williams v. State*, 328 Ga. App. 876, 879 (1) (763 SE2d 261) (2014). And in conducting this balancing test, a trial court must consider the facts of the particular case. See *State v. Orr*, 305 Ga. 729, 738 (3) (827 SE2d 892) (2019) ("the application of Rule 403 calls for a careful, case-by-case analysis, not a categorical approach") (citation and punctuation omitted).

Here, however, neither Harnett nor the state asked the trial court to engage in a Rule 403 analysis under the particular facts of this case. Instead, they debated whether our Supreme Court's decision in *Brodes v. State*, 279 Ga. 435 (614 SE2d 766) (2005), in which the Court held that a trial court may not give a level-of-certainty jury charge, required the exclusion of such evidence. And the trial court did not mention Rule 403 or its balancing test in her ruling, merely stating that "[a]fter considering the pleadings, record, evidence admitted, and the [p]arties' arguments, this [c]ourt grants the motion." While trial courts are not required to explicitly put Rule 403 analyses on the record, see *Dixon v. State*, 350 Ga. App. 211, 215 (1) (828 SE2d 427) (2019), in this case nothing in the record indicates that the trial court decided Harnett's motion based on Rule 403, rather than on the arguments made by Harnett and the state. Compare id. at 214 (1) (finding that the trial court fulfilled its duty under Rule 403 when ruling evidence to be admissible; even though the court did not explicitly mention Rule 403, it stated that it had reviewed statutes and relevant case law, and in its subsequent order on a motion for new trial the court recognized the rule and explained that the parties had discussed the balancing test at the pre-trial hearing). Simply put, no reference to Rule 403 or its balancing test appears anywhere in the record — or, for that matter, the appellate briefs.

"(T)he application of Rule 403 is a matter committed principally to the discretion of the trial courts, subject to appellate review only for abuse of that discretion." *Orr*, 305 Ga. at 738 (3) (citation and punctuation omitted). We should not decide in the first instance whether the evidence in this case should be excluded under Rule 403. See *State v. Hill*, 361 Ga. App. 230, 232 (1) (863 SE2d 699) (2021) (declining to consider in the first instance whether evidence should be excluded under Rule 403 when that issue was neither raised nor ruled on below).

For this reason, we vacate the judgment and remand this case to the trial court to conduct the necessary balancing test to determine whether, under OCGA § 24-4-403, the level-of-certainty evidence should be excluded.

*Judgment vacated and case remanded with direction. Brown and Markle, JJ., concur*.