**THIRD DIVISION**
**ELLINGTON, P. J.,**
**MCFADDEN and PETERSON, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**February 23, 2016**

# In the Court of Appeals of Georgia

A15A2308. THE STATE v. DOWDELL.

ELLINGTON, Presiding Judge.

Pursuant to OCGA § 5-7-1 (a) (5), the State of Georgia, through the District Attorney for the Atlanta Judicial Circuit, appeals from an order of the Superior Court of Fulton County denying the State's motion to introduce "other acts" evidence in its prosecution against Marcus Dowdell on the charge of rape, OCGA § 16-6-1. The State contends the trial court abused its discretion by applying the wrong legal standards when excluding evidence proffered by the State of other acts of sexual assault committed by Dowdell. Finding no clear abuse of discretion, we affirm.

"A trial court's decision under OCGA §§ 24-4-403 and 24-4-404 (b) to exclude or admit other acts evidence will be overturned only where there is a clear abuse of discretion." (Citations omitted.) *State v. Brown*, 333 Ga. App. 653, 654 (3) (777 SE2d

27) (2015). See also *Reeves v. State*, 294 Ga. 673, 676 (2) (755 SE2d 695) (2014) ("Evidentiary rulings are reviewed under an abuse of discretion standard[.]") (citation omitted).[1] "[W]hile the abuse-of-discretion standard presupposes a 'range of possible conclusions' that can be reached by a trial court with regard to a particular evidentiary issue, it does not permit a 'clear error of judgment' or the application of 'the wrong legal standard.'" (Footnote omitted.) *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014).

The record shows that the State indicted Dowdell for the forcible rape of a 28-year-old woman. The State filed a pretrial notice of intent to introduce at trial evidence of other acts pursuant to OCGA §§ 24-4-404 (b) and 24-4-413, and Dowdell filed a responsive brief seeking the exclusion of the same. Thereafter, the court held a hearing concerning the other acts evidence.

The State argued that the evidence in its case in chief would show that, on October 19, 2012, the victim and her female cousin encountered Dowdell at a bar. Dowdell offered the women a ride home. Dowdell, a male friend of his, and the

---

[1] Because the State indicted Dowdell in 2014, Georgia's new Evidence Code applies. See Ga. L. 2011, p. 99, §§ 2, 101 (Georgia's new Evidence Code, OCGA § 24-1-1 et seq., applies to any motion, hearing or trial commenced on or after January 1, 2013.).

women got in the car, and Dowdell drove them all to a house in southwest Atlanta. Dowdell contends that he stopped at the house to check on his grandfather. According to the State, Dowdell then allegedly pulled the victim from the car, took her to the back of the house, pointed a gun at her, and raped her. Thereafter, he returned the victim to the car and drove her and her friend home. After Dowdell drove away, the victim told her cousin that Dowdell had raped her. The victim called the police and went to the hospital. A rape kit revealed the presence of male DNA, but it matched the victim's boyfriend's DNA, not Dowdell's. Dowdell denies raping or having consensual sex with the victim.

The State argued that the following two prior criminal acts were admissible to show Dowdell's motive, intent, lustful disposition, and propensity to commit acts of sexual assault. First, in 2002, the State alleged that 18-year-old Dowdell had intercourse with a 13-year-old middle-school student on two separate occasions, once on school grounds and once in a park. A school employee overheard the victim talking about her experiences and the school principal reported the matter to the police. Dowdell was indicted for child molestation, but he entered an *Alford*[2] plea to

---

[2] Although a plea pursuant to *North Carolina v. Alford*, 400 US 25 (91 SCt 160, 27 LE2d 162) (1970), permits a criminal defendant to plead guilty while claiming to be innocent, it is, nevertheless, a guilty plea "and places the defendant in

3

the offense of sexual battery. Second, in 2003, Dowdell allegedly molested the 13-year-old sister of one of his friends by touching the girl's vaginal area with his hand and later, during a sleep-over party, by touching her breasts and buttocks with a knife. The State indicted Dowdell for child molestation; however, he ultimately entered a guilty plea to misdemeanor simple battery.

After hearing arguments of counsel concerning the relevance and admissibility of the evidence under OCGA § 24-4-404 (b) and § 24-4-413, the court stated that the other acts evidence "is relevant to show that [Dowdell] is a sexual deviant." However, focusing on the application of OCGA § 24-4-403, the court stated from the bench:

> But it all boils down to me making a determination whether the prejudice involved in allowing these extraneous acts into this trial will . . . far outweigh the probative value. . . . . I find that the prejudice substantially outweighs the probative value based on the facts [that have] been related to me and the facts of these other instances.

The court reiterated this holding in its final order, finding that the other acts – acts which occurred a decade earlier when Dowdell was a teen, which involved minors with whom he had a social relationship, and which did not involve acts of forcible

---

the same position as if there had been a trial and conviction by a jury." (Citations omitted.) *Argot v. State*, 261 Ga. App. 569, 571 (2) (583 SE2d 246) (2003).

sexual intercourse – were "minimally probative" on the issues of Dowdell's motive and intent in the case in chief. The court concluded that the other acts were really only probative of a trait of Dowdell's character, his "lustful disposition." On the other hand, the court believed that the other acts "evidence would be extremely prejudicial to [Dowdell] . . . because jurors may be tempted to convict based on their belief of what the evidence says about the defendant's character, rather than the evidence in the case being tried." The court also concluded that, because Dowdell disputed that he was guilty of committing a sexual assault in either of the other acts proffered and because the State intended to present witness testimony concerning those other acts, that "the admission of that evidence would transform this case into a trial involving three separate instances, and would distract the jury from the issues in this case." Thus,"[a]fter applying [R]ule 403 balancing," the court exercised its discretion to exclude the other acts evidence.

1. In two related claims of error, the State argues that the trial court failed to apply the proper legal framework for analyzing whether the other acts evidence was relevant and admissible pursuant to OCGA § 24-4-404 (b)[3] and § 24-4-413.[4] With

_____

[3]OCGA § 24-4-404 (b) provides, in pertinent part, that

[e]vidence of other crimes, wrongs, or acts shall not be admissible to

5

respect to OCGA § 24-4-413, the State asserts that the court failed to recognize that the proffered other acts evidence "shall be admissible" because it was relevant to show that Dowdell was a sexual deviant with a lustful disposition and that he was predisposed to commit acts of sexual assault. The State also asserts that the other acts evidence was relevant to show Dowdell's motive and intent in the case in chief and, thus, was admissible under OCGA § 24-4-404 (b); however, it appears from the transcript of the hearing that the State abandoned this second argument.[5]

prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, including, but not limited to, proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

[4] OCGA § 24-4-413 (a) provides that, "[i]n a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-413 (c) also provides that "[t]his Code section shall not be the exclusive means to admit or consider evidence described in this Code section."

[5] During the hearing, the prosecutor stated: "[W]e are not seeking to admit this evidence under the 404 (b). Although the State's position is that it is admissible under 404 (b). What we are seeking to do, your honor, is admit this evidence under 413[.]" The State has not articulated a clear hypothesis in its appellate brief showing how the other acts evidence has any tendency to prove or disprove the existence of any consequential fact independent of the propensity use forbidden by OCGA § 24-4-404 (b). Where an extrinsic offense is offered to prove intent, its relevance is determined by comparing the defendant's state of mind in committing the extrinsic and charged

6

It is true, as the State argues, that the trial court did not expressly evaluate in its order whether the other acts evidence was relevant to any specific matter at trial – a threshold inquiry[6] – or that it satisfied the prerequisites for admission under either of these Code sections. But the court's failure to do so, in these circumstances, was not error. That is because it is patent from the court's order and from the hearing transcript that the court recognized that evidence which may be admitted under OCGA §§ 24-4-404 (b) and 24-4-413 nevertheless may be excluded pursuant to OCGA § 24-4-403. Therefore, the court focused its analysis on whether the other acts evidence (*assuming* that it was relevant) should be excluded pursuant to OCGA § 24-

---

acts, *United States v. Zapata*, 139 F.3d 1355, 1358 (11th Cir. 1998) (per curiam), and the State has failed to make this showing.

[6] It is a fundamental that "[e]vidence which is not relevant shall not be admissible." OCGA § 24-4-402. Indeed, the first part of the three-part test to determine admissibility of evidence of other crimes and acts under Rule 404 (b) is that "the evidence must be relevant to an issue other than defendant's character[.]" (Citation, punctuation and footnote omitted.) *Bradshaw v. State*, 296 Ga. 650, 656 (3) (769 SE2d 892) (2015). And, although OCGA § 24-4-413 is an exception to the rule that propensity character evidence is inadmissible, the Code section nevertheless expressly limits the admission of that evidence to "any matter to which it is relevant."

7

4-403[7] on the ground that its probative value was substantially outweighed by the danger of unfair prejudice.[8]

It was not improper for the court to frame its analysis thus because, even if the court had expressly determined that the evidence met all the requirements for admission pursuant to either OCGA §§ 24-4-404 (b) or 24-4-413, the court still had the discretion to exclude it pursuant to OCGA § 24-4-403. See *State v. Jones*, 297 Ga. 156, 163 (3) (773 SE2d 170) (2015) (Evidence of other acts is not necessarily admissible in every criminal prosecution even when it is relevant to prove intent and knowledge, because such evidence may be deemed inadmissible on the basis of those considerations set out in OCGA § 24-4-403.); *State v. Brown*, 333 Ga. App. at 653 (3) ("Even when a trial court determines that all three prongs of the test for admissibility under OCGA § 24-4-404 (b) are satisfied, the trial court may still

___

[7] OCGA § 24-4-403 provides that "[r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

[8] Indeed, the court may have framed its analysis as it did because the State took the position during the hearing that the other acts were presumptively admissible under OCGA § 24-4-413 and "that the only way they are not going to be admissible . . . [is] if the court does a does [R]ule 403 analysis and finds that the . . . prejudicial effect of the evidence substantially outweighs the probative value."

8

exclude the evidence pursuant to OCGA § 24-4-403."); *United States v. Brimm*, 608 Fed. Appx. 795, 798 (11th Cir. Fla. 2015) ("[E]vidence admitted under Rules 413 and 414 is still subject to Rule 403's balancing test.") (citations omitted).[9] Consequently, we find no merit in these claims of error.

2. The State contends that the trial court's application of OCGA § 24-4-403 to the facts of this case constituted an abuse of discretion because the court applied "the wrong legal standard." The court's order, however, demonstrates that the court applied the correct legal standard. The court found that "the probative value of the evidence which the state seeks to admit is substantially outweighed by the risk of unfair prejudice to the defendant." This is an accurate paraphrase of the standard set forth in OCGA § 24-4-403.[10] Nevertheless, the State argues that the trial court failed to grasp the following: (a) that excluding evidence under OCGA § 24-4-403 is an extraordinary remedy that must be used sparingly; (b) that OCGA § 24-4-403 provides that evidence "may be" – as opposed to"must be" – excluded if the danger

---

[9] See Ga. L. 2011, p. 99, § 1 (stating the legislative intent to adopt the Federal Rules of Evidence as interpreted by the United States Supreme Court and Circuit Courts of Appeals, as of January 1, 2013, with any conflicts among the Circuit Courts of Appeals to be resolved by following the Eleventh Circuit Court).

[10] See footnote 7, supra.

of unfair prejudice substantially outweighs its probative value; and (c) that the court failed to take into account prosecutorial need for the evidence in this case. These arguments are without merit for the following reasons.

(a) As this Court has explained,

> the plain meaning of OCGA § 24-4-403's text makes clear that the trial court may only exclude relevant evidence when its probative value is "substantially outweighed" by one of the designated concerns. Indeed, the Eleventh Circuit has described Rule 403 as "an extraordinary remedy which the court[s] . . . should invoke sparingly, and the balance should be struck in favor of admissibility." Obviously, the reason for such caution is that relevant evidence in a criminal trial is "inherently prejudicial," and, as a result, Rule 403 "permits exclusion only when unfair prejudice substantially outweighs probative value." The primary function of Rule 403, then, is to exclude evidence of "scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect."

(Footnotes omitted.) *Williams v. State*, 328 Ga. App. at 879 (1).

The record does not support the State's assertion that the court was unaware of the purpose of OCGA § 24-4-403 or applied it improperly. In fact, the record of the hearing demonstrates the opposite. The judge stated that he "would be happy to allow [the other acts evidence if he] thought it was appropriate . . . in this case[.]"

However, the court believed that the State was attempting to compensate for a weak case by "piling on" bad character evidence of scant probative value in an effort to undermine the presumption of innocence. Moreover, the court was clearly concerned that the admission of the other acts would transform what should be a straightforward case into "a trial involving three separate incidents," distracting the jury from the issues central to the crime charged. Given the record before us, we find that the State has failed to carry its burden of demonstrating that the court was unaware that excluding evidence under OCGA § 24-4-403 was an extraordinary remedy that should be applied sparingly or that it misapplied the law to the facts of this case.

(b) The State argues that the trial court erred by stating in its order that it "must" exclude other acts evidence if it finds that the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. The State argues that, because OCGA § 24-4-403 provides that a court "may" exclude such evidence, the court failed to recognize that, even if the "prerequisites [of OCGA § 24-4-403] are present, then it is permissible, but not mandated, that the evidence *may be* excluded."

When read in context, the trial court, by using the word "must" in its order, was simply recognizing that, although its discretion *to exclude* evidence under OCGA § 24-4-403 was narrowly circumscribed, its broad discretion *to admit* other acts

11

evidence was not absolute. "[Rule 403] was not designed to permit the court to 'even out' the weight of the evidence, to mitigate a crime, or to make a contest where there is little or none." (Citation omitted.) *United States v. Patrick*, 513 Fed. Appx. 882, 887 (11th Cir. 2013). Thus, an abuse of discretion occurs when a trial court admits evidence the probative value of which is substantially outweighed by its unfair prejudice. See *Lingo v. State*, 329 Ga. App. 528, 532-533 (765 SE2d 696) (2014) ("[I]n this case, the unfairly prejudicial effect of the evidence of [the defendant's] gang affiliation substantially outweighed its minimal probative value. Accordingly, the trial court abused its discretion in admitting the evidence of [the defendant's] gang membership.") (footnotes omitted) (physical precedent only).

The record shows that the trial court made a common sense assessment of the circumstances surrounding the use of the other acts evidence, including prosecutorial need, similarity between the other acts and the charged offense, temporal remoteness, the likelihood of jury confusion by "a trial involving three separate incidents[,]" and the unfair prejudice that would flow from the introduction of prior crimes involving allegations of child molestation. The State has not shown that the court applied the wrong legal standard, misunderstood the nature or scope of its discretion, or clearly

12

abused that discretion in excluding the evidence in this case. Consequently, we find no error.

(c) The State also argues that, in conducting its analysis under OCGA § 24-4-403, the court failed to consider the "prosecutorial need" for the evidence. The record, however, does not support this contention.

There is no doubt that probative value is, in part, a function of the prosecution's need for the evidence in making its case. See *United States v. King*, 713 F.2d 627, 631 (11th Cir. 1983) ("[T]he more essential the evidence, the greater its probative value, and the less likely that a trial court should order the evidence excluded.") (footnote omitted). But it is also true that the "probative value of the extrinsic offense correlates positively with its likeness to the offense charged. Likewise, the more time separating the charged and prior offense, the less probative value can be assigned the extrinsic evidence." *United States v. Cardenas*, 895 F.2d 1338, 1343-44 (11th Cir. 1990).

The transcript of the hearing shows that the trial court was informed of the State's desire to use the other acts evidence to show Dowdell's lustful disposition and his motive and intent in a case that essentially turned on the credibility of the defendant and the victim. The court simply disagreed that the other acts evidence was

13

especially probative of those matters, given the lack of similarity between those acts and the charged offense, the decade separating the other acts from the charged offense, and the defendant's immaturity at the time the other acts were committed. On the other hand, the court believed that, under the circumstances, admitting extrinsic evidence of acts of alleged child molestation would lure the jury into finding Dowdell guilty based on proof that was not specific to the crime charged, thereby infecting the proceedings with unfair prejudice and undermining the presumption of innocence. Given that the record supports the court's findings, we find no clear abuse of discretion.

3. The State contends that the trial court's evidentiary analysis was influenced by "wholly inappropriate considerations," specifically, whether the State had engaged in plea bargaining with Dowdell. The trial court inquired about plea negotiations during the hearing and expressed concern about the State's 25-year offer, but it does not appear that the court's inquiry was related to its analysis of the other acts evidence. Moreover, the court makes no reference to plea bargaining in its final order. The State's assumption that the court's discussions with counsel about the plea offer constituted evidence of an improper evidentiary analysis is highly speculative and, given the record before us, presents no basis for inferring an abuse of discretion.

*Judgment affirmed. McFadden, J., concurs.  Peterson, J., concurs specially*.

A15A2308. THE STATE v. DOWDELL.

PETERSON, Judge, concurring specially.

The abuse of discretion standard "recognizes the range of possible conclusions the trial judge may reach, and that there will often be occasions in which we will affirm the evidentiary ruling of a trial court even though we would have gone the other way had it been our call." *Williams v. State*, 328 Ga. App. 876, 880 (1) (762 S.E.2d 261) (2014) (quotations omitted). For me, this is one of those occasions.

I am less certain than the majority that the trial court applied the correct legal standard, but ultimately conclude that we must treat it as having done so. The trial court concluded that the risk of unfair prejudice substantially outweighed the probative value of the proffered other acts evidence. This is the correct standard appearing in OCGA § 24-4-403. The closer question is whether the risk of prejudice that the trial court identified is properly understood as "unfair," as the statute requires. The prejudice on which the trial court focused was the risk that jurors "may be tempted to convict based on their belief of what that evidence says about the defendant's character, rather than the evidence in the case being tried." But the trial

court did not make clear precisely what prejudicial inferences about the defendant's character it thought the jury might draw from the other acts evidence. This lack of clarity is important, because we could interpret the court's concern as focused on one of at least two different inferences, one of which – while prejudicial – is not properly understood as "unfair."

First, we could interpret the trial court's concern as focused on a jury drawing an inference from the other acts evidence that the defendant "committed this sexual assault because he has a propensity to do so." Although this inference would be unfairly prejudicial in most cases, OCGA § 24-4-413 is an exception to that rule. "Because [OCGA § 24-4-413] identifies this propensity inference as proper, the chance that the jury will rely on that inference can no longer be labeled as 'unfair' for purposes of the [OCGA § 24-4-403] analysis." *United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009) (analyzing Federal Rules of Evidence 413 and 403); *see also United States v. Seymour*, 468 F.3d 378, 386 (6th Cir. 2006) (analyzing Federal Rule of Evidence 413). And the possibility that this was the court's concern is bolstered by a review of two of the three cases the court cited as support for its conclusion. Those cases did not involve Rule 413; instead, they discuss the prejudicial danger of propensity evidence under the general rule disallowing it. *See Old Chief v. United*

2

*States*, 519 U.S. 172 (117 S. Ct. 644, 136 LEd2d 574) (1997) (holding Rule 403 required exclusion of other acts evidence sought to be admitted under Rule in federal firearms case because "propensity would be an 'improper basis' for conviction"); *Williams v. State*, 261 Ga. 640 (409 S.E.2d 649) (1991) (reversing drug conviction after other acts were admitted, because "evidence of an independent offense or act committed by the accused is highly and inherently prejudicial, raising, as it does, an inference that an accused who acted in a certain manner on one occasion is likely to have acted in the same or in a similar manner on another occasion"). If this was the inference the court found prejudicial, it would have been error requiring reversal.

But the trial court could equally be interpreted as identifying as prejudicial the risk that jurors, "uncertain of guilt, may convict [the] defendant because they think [he] is a bad person generally deserving of punishment." *Rogers*, 587 F.3d at 823. This interpretation is bolstered by the third case the court cited in support of its conclusion. *See United States v. Castillo*, 140 F.3d 874, 882 (10th Cir. 1998) (considering prejudice of other acts evidence in the context of Federal Rules of Evidence 414 and 403 and noting that when other acts "evidence is before the jury, the jury may be tempted to convict for the prior bad act, or what it says about the defendant's character, rather than what it says about the likelihood that the defendant

3

committed the charged crime"). This prejudice would be unfair even for evidence sought to be admitted under OCGA § 24-4-413.

We ordinarily presume that trial courts apply the correct legal standard unless the record clearly demonstrates otherwise. Here, the trial court's ruling could be interpreted as applying the correct legal standard. This shifted the burden to the State to show that the court applied the wrong legal standard. *Cf. Bank of Clearwater v. Kimbrel*, 240 Ga. 570, 572 (1978) (cited in *Branton v. Draper Corp.*, 185 Ga. App. 820, 825 (1988)). The State did not carry that burden, and accordingly I must presume the court applied the correct standard in assessing the risk for unfair prejudice.

Understanding the case in that light, I still view it as a much closer call than does the majority. But the record contains some support for the trial court's conclusion that the proffered other acts evidence would be of limited probative value, and so I cannot set that conclusion aside while applying an abuse of discretion standard. Affording such limited probative value to the other acts evidence, then, it follows that the record contains support for the trial court's ultimate conclusion that the risk of unfair prejudice substantially outweighs the limited probative value of the other acts evidence. Accordingly, the trial court's order must be affirmed.

I disagree particularly, however, with the majority's treatment of statements made by the trial court during the hearing (and to which the State strongly objects in this appeal). After hearing the State's argument concerning the admission of the other acts evidence, the court asked the State "[w]hat do you want? What are you all offering, 25 years?" The State responded affirmatively, that they were presently offering "the mandatory minimum at this point." After further argument, the court offered this observation:

> Well, when you are dealing with 25 years as the minimum sentence, I sort of take things seriously to try and get some feel for what the case is about and, you know, 25 years. You know, I could understand that for a serial rapist, some stranger lurking breaking in a house raping somebody. And I guess, you know, everybody says, well, rape is rape is rape, but, you know, to me 25 years in this situation....[1]

At the close of the hearing, immediately prior to ruling from the bench, the trial court again observed "you are talking about 25 years minimum. ... 25 years which is, you know – and you serve most of that. And you know, this is not a serial rape case."

The State argues that these considerations were the true motivation for the trial court's exclusion of the other acts evidence, and, therefore, the court abused its

---

[1] Of course, the State alleges that the defendant raped the victim at gunpoint.

discretion in excluding the evidence for an impermissible reason. The majority rejects that argument because "it does not appear that the court's inquiry was related to its analysis of the other acts evidence," and because "the court makes no reference to plea bargaining in its final order." I do not so readily dismiss the court's repeated objection to the State's plea offer as unrelated to the motion the court was deciding. Indeed, one of the references quoted above came in the direct context of the trial court's verbal ruling:

> 25 years which is, you know – and you serve most of that. And, you know, this is not a serial rapist case. These other underlying offenses you want me to let in, to me, the prejudice of having him wrongly convicted based on these acts substantially outweighs any probative value; and when you are talking about 25 years of a person's life, that's not, that's not an avenue I want to take.

But regardless of subjective motivation, the trial court's order is objectively affirmable as explained above. The State has not cited, nor have I found, any legal authority for the proposition that the decision of a trial court, although affirmable as an objective matter, may nevertheless be reversed because the trial court may have had an impermissible subjective motivation. Accordingly, I agree that the State cannot prevail on this argument.

I concur in the judgment only.