**FIRST DIVISION**
**BARNES, P. J.,**
**GOBEIL and PIPKIN, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 28, 2025**

# In the Court of Appeals of Georgia

A24A1414. THE STATE v. CHOWDHURY.

GOBEIL, Judge.

Arafat Chowdhury stands accused in two separate indictments of committing two acts of rape and aggravated sodomy involving two separate victims on two separate dates. The State has appealed the trial court's order denying its motions to introduce evidence of other acts pursuant to OCGA § 24-4-413 in the two criminal actions against Chowdhury. For the reasons set forth below, we affirm in part and reverse in part.

*Facts*

Chowdhury's criminal cases have not yet proceeded to trial. Our recitation of the facts is based on evidence from the limited record and pretrial hearing, at which

the State made a proffer concerning the facts underlying the other acts evidence it intends to introduce at trial (Chowdhury does not appear to dispute the State's recitation of facts). According to the State, on March 20, 2021, Chowdhury met V. F. on a Facebook dating app. She eventually went to Chowdhury's home, and the two began to kiss. During what began as a consensual romantic encounter, Chowdhury became rough with V. F. and asked to have anal sex with her. V. F. said no, and he anally sodomized her against her will; he also vaginally penetrated her. V. F. reported having told him no repeatedly, but she eventually stopped resisting out of fear. About a week after the incident, V. F. sought medical attention and reported the assault. When interviewed by the police, Chowdhury reported that the two had consensual sex. The detective who investigated the case took no further action at that time.

Then, on December 11, 2021, Chowdhury met Z. G. on a dating app. Z. G. went to Chowdhury's house and the two smoked marijuana and Chowdhury put what appeared to be an acid tablet into Z. G.'s mouth, which surprised her. Chowdhury aggressively tried to kiss Z. G., who told him no, but she realized Chowdhury was not going to take no for an answer. She went to the bathroom and texted a friend to call her with a fake emergency to give her an excuse to leave, but Chowdhury ultimately

2

raped and anally sodomized her. Z. G. left to go to her friend's house and told her friend about the rape; she told her mother and sister the next day. She went to the hospital, but did not submit to a sexual assault examination because she believed it would be invasive and ultimately futile, as Chowdhury wore a condom during the assult.

Based on these incidents, Chowdhury was indicted in two separate indictments on the same day, February 15, 2022. In Case No. 22CR1311-3, Chowdhury was indicted for rape and aggravated sodomy for the March 20, 2021 assault on V. F. In Case No. 22CR1308-3, Chowdhury was indicted for rape and aggravated sodomy for the December 11, 2021 assault on Z. G. In both cases, the State filed a notice of intent to introduce evidence of other acts pursuant to OCGA §§ 24-4-404 (b) ("Rule 404"), 24-4-413 ("Rule 413"), and 24-4-403 ("Rule 403"). In each case, the State sought to introduce the indictment from the other case. The State also sought to introduce (in both cases) evidence of a prior misdemeanor conviction for sexual battery based on a 2014 incident where Chowdhury grabbed the buttocks of a customer at a retail store where he was working.

After the court heard the State's recitation of the facts and arguments from the parties at a hearing, it issued a combined order denying the State's motions to admit the other acts evidence. The court found that the probative value of the other acts evidence was substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury pursuant to Rule 403. The court noted the detective's decision not to take any action on the March 20 incident until after the December 11 incident, inferring that the detective believed the evidence against Chowdhury was too weak to sustain criminal charges until the second incident occurred. Relying on this inference, the court found there was a danger that the State was attempting to bolster its case with scant evidence by "piling on" bad character evidence to achieve a conviction based on Chowdhury's character, rather than the evidence in front of the jury. This appeal followed.

*Legal Framework*

Under Rule 413, "[i]n a criminal proceeding in which the accused is accused of an offense of sexual assault, evidence of the accused's commission of another offense of sexual assault shall be admissible and may be considered for its bearing on any matter to which it is relevant." OCGA § 24-4-413 (a). "This is a rule of inclusion,

with a strong presumption in favor of admissibility, and proving a propensity to commit sex crimes or an inappropriately lustful disposition are legally permissible purposes for admitting evidence of this sort." *State v. Ippisch*, 366 Ga. App. 501, 502 (883 SE2d 162) (2023) (citation, punctuation, and footnote omitted).

Once determined to be relevant, other acts evidence falling under Rule 413 should be excluded only if it violates the balancing test from Rule 403. *State v. Shalgheen*, 370 Ga. App. 203, 207 (896 SE2d 23) (2023).

> Under OCGA § 24-4-403, relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Evidence admissible under OCGA § 24-4-413 may be excluded under Rule 403 if the trial court concludes that its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury.

Id. (citation and punctuation omitted).

"[E]xclusion under Rule 403 is an extraordinary remedy — particularly when the evidence is already strongly presumed to be admissible" under Rule 413. *Ippisch*, 366 Ga. App. at 504 (citation and punctuation omitted). The balancing determination

5

made by the trial court "requires a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." Id. at 502 (citation and punctuation omitted). A trial court's decision to admit or exclude other acts evidence will be overturned only where there is an abuse of discretion. *Shalgheen*, 370 Ga. App. at 208.

*Enumerations of Error*

1. The State contends that the trial court erred in excluding the respective indictments under Rule 403. We agree.

Here, there is no question that the allegations in the other indictment would be substantially probative at either of Chowdhury's trials.

> The probative value of specific evidence depends on two things: (1) the need to establish the fact for which the evidence is offered, which in turn depends on that fact's significance in the case and whether or not that fact is disputed, and (2) the "marginal worth" of the evidence in establishing the fact, which depends on what other evidence is available.

*State v. Berrien*, 364 Ga. App. 217, 226 (2) (b) (874 SE2d 430) (2022). As a rape and sodomy case, the issue of consent is both essential and disputed, so the need to

6

establish the fact of non-consent is strong. And, given the nature of the allegations and Chowdhury's claim that the sex acts with the victims were consensual, "the marginal worth of the other-act evidence is high because the other available evidence on consent just pits the victim[s'] word against [Chowdhury's]." Id. See also *Ippisch*, 366 Ga. App. at 505-506 (where rape defendant claims that sex was consensual, extrinsic evidence of similar sexual assaults is particularly probative).

As for the danger of unfair prejudice, confusion of the issues, or misleading the jury, the trial court stated that the detective's decision not to conduct further investigation after the March 20 incident raised a concern that the jury might decide Chowdhury's guilt based on emotion rather than evidence. However, the fact that law enforcement initially declined to pursue charges in the March 20 incident does not itself render the likelihood that Chowdhury committed those acts so low that they are inadmissible. Indeed, the State need only prove that Chowdhury committed the other acts by a preponderance of the evidence for them to be admissible under Rule 413. See *Shalgheen*, 370 Ga. Ap. at 209 (noting preponderance of the evidence standard for Rule 413 evidence, and specifically stating "criminal charges are not required for the admission of other acts evidence" under Rule 413) (citation and punctuation omitted).

Additionally, under our case law, the "overall similarity between the extrinsic act and the charged offense" is part of the balancing test the court must apply under Rule 403. *Ippisch*, 366 Ga. App. at 502 (citation and punctuation omitted). The State's proffer of the facts underlying the two incidents shows several similarities between them. In both incidents, Chowdhury met the victims on an online dating app and used the victims' interest in music as a way to lure them to his home, where he told both of them he had a music studio. In both cases, he vaginally and anally raped the victims, and both victims reported that Chowdhury spoke of rape during the act itself. Further, the two incidents occurred mere months apart, reducing any "temporal remoteness" that might render them less probative or more unfairly prejudicial. See id. (temporal remoteness is another factor in Rule 403 balancing test); *Kritlow v. State*, 339 Ga. App. 353, 355 (2) (793 SE2d 560) (2016) (extrinsic acts committed close in time and in similar circumstances to the charged crime are particularly relevant). Accordingly, the similar nature of the incidents "minimizes the risk of inflaming the jury based only on the accused's general propensity toward criminality." *Berrien*, 364 Ga. App. at 227 (2) (b).

For this same reason, the trial court's reliance on *State v. Dowdell* is unavailing. 335 Ga. App. 773 (783 SE2d 138) (2016) (physical precedent only). The trial court stated that in Chowdhury's case, like in *Dowdell*, "the State was attempting to compensate for a weak case by 'piling on' bad character evidence of scant probative value to undermine the presumption of innocence." In *Dowdell*, we affirmed the trial court's exclusion of two prior incidents of sexual assault in a rape case. 335 Ga. App. at 777 (2). However, the defendant in *Dowdell* was not arguing that the sex was consensual; rather, he claimed the two did not have sex at all. Id. at 774. Further, the other acts being proffered by the State were sexual offense convictions with victims known to the defendant from more than a decade earlier when the defendant was a teenager. Thus, they were dissimilar from these current charges which alleged rape at gunpoint against an adult victim who was a stranger to the defendant. Id. at 773-774. Accordingly, the probative value of the other acts evidence offered in *Dowdell* was significantly less than what is at stake in Chowdhury's case; the stark contrast between the other acts and the charged act rendered the likelihood of unfair prejudice greater than what we see in the instant case; and, we find *Dowdell* easily distinguishable.

In conclusion, "[a]lthough trial courts are afforded discretion in determining the admissibility of evidence, the trial court's Rule 403 analysis in this case is inconsistent with rules for this type of evidence in our case law and in the context of this kind of case." *Ippisch*, 366 Ga. App. at 504. Given the strong presumption that other sexual offenses committed by Chowhury are admissible under Rule 413, the prosecutorial need for the evidence in this case, and the similar nature and temporal proximity of those offenses, we find that the trial court abused its discretion in excluding the other acts evidence presented in each of the two indictments from being introduced at Chowdhury's upcoming criminal trials. Ultimately, Rule 403 is intended

> to exclude matters of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect due to the danger that the jury may convict the defendant not for the offense charged but for the extrinsic offense, because the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged.

*McAllister v. State*, 351 Ga. App. 76, 81 (1) (830 SE2d 443) (2019) (citations and punctuation omitted). That is simply not the case here.[1] Accordingly, with respect to

---

[1] According to Chowdhury, the fact that these "other acts" are concurrent charges (versus evidence of past acts or allegations) demands a different analysis and result. But we find no basis in law to treat concurrent charges differently from other types of other acts evidence. Notably, and though in a different context, the concerns

the trial court's exclusion of the indictments from each of the 2021 incidents from the trial of the other 2021 incident, we reverse in part the trial court's judgment.

2. The State also contends that the trial court failed to complete a meaningful analysis under Rule 413 and Rule 403 concerning Chowdhury's 2015 conviction based on the 2014 incident where he groped a customer at his workplace. However, although the trial court did not include any written discussion explaining why it excluded the 2014 incident from the trials on the 2021 incidents (limiting its written discussion to the 2021 incidents themselves), "absent some express showing that the trial court did not understand its obligation to conduct the [Rule 403] balancing test, we will not read such error into the trial court's ruling." *Dixon v. State*, 350 Ga. App. 211, 214 (1) (828 SE2d 427) (2019). And, given the difference in the nature of the allegations of the 2014 incident (groping at his workplace), and the temporal remoteness of the offense (six years prior), and the State's failure to make any substantive argument that the

---

Chowdhury raises regarding concurrent charges are analagous to those invoked by severance decisions. And in deciding whether to sever trials, the trial court must decide whether the other charges would be admissible as other acts evidence — if so, the court does not abuse its discretion in denying a motion to sever. *Lowe v. State*, 314 Ga. 788, 791-794 (2) (a) (879 SE2d 492) (2022). Similarly, we find no legal or Constitutional bar to trying cases separately but allowing concurrent charges to be admitted as other acts evidence.

evidence was in fact admissible, we discern no reversible error in the trial court excluding this evidence. Accordingly, the trial court's judgment is affirmed in part on this issue.

*Judgment affirmed in part, reversed in part. Barnes, P. J., and Pipkin, J., concur.*