302 Ga. 435
FINAL COPY

S17A1085. THE STATE v. JEFFERSON et al.

MELTON, Presiding Justice.

On June 4, 2015, Brenton Jefferson, his brother Santez Jefferson, Demarcus Cawthorne, Jamal Arnold, and Lee Davis (collectively "Appellees") were charged with, among other things, attempted murder, aggravated battery, kidnapping, and violations of the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-15-1 et seq.). In connection with the State's efforts to build a case against Appellees, the State gave notice of its intention to introduce into evidence at trial four certified copies of convictions relating to various gang members[1] pursuant to OCGA § 16-15-9.[2] That statute, as amended, provides:

---

[1] One of the convictions related to defendant Cawthorne, while the other three related to third parties who were not involved in the case against Appellees.

[2] The State originally gave notice of its intention to introduce evidence of criminal convictions relating to sixteen individuals. However, at the September 19, 2016 hearing on Appellees' joint motion to have OCGA § 16-15-9 declared unconstitutional, the State only sought the admission of four certified

For the purpose of proving the existence of a criminal street gang and criminal gang activity, the commission, adjudication, or conviction of any offense enumerated in paragraph (1) of Code Section 16-15-3 [criminal gang activity[3]] by any member or

convictions.

[3] Pursuant to OCGA § 16-15-3 (1):
"Criminal gang activity" means the commission, attempted commission, conspiracy to commit, or solicitation, coercion, or intimidation of another person to commit any of the following offenses on or after July 1, 2006:
(A) Any offense defined as racketeering activity by Code Section 16-14-3;
(B) Any offense defined in Article 7 of Chapter 5 of this title, relating to stalking;
(C) Any offense defined in Code Section 16-6-1 as rape, 16-6-2 as aggravated sodomy, 16-6-3 as statutory rape, or 16-6-22.2 as aggravated sexual battery;
(D) Any offense defined in Article 3 of Chapter 10 of this title, relating to escape and other offenses related to confinement;
(E) Any offense defined in Article 4 of Chapter 11 of this title, relating to dangerous instrumentalities and practices;
(F) Any offense defined in Code Section 42-5-15, 42-5-16, 42-5-17, 42-5-18, or 42-5-19, relating to the security of state or county correctional facilities;
(G) Any offense defined in Code Section 49-4A-11, relating to aiding or encouraging a child to escape from custody;
(H) Any offense of criminal trespass or criminal damage to property resulting from any act of gang related painting on, tagging, marking on, writing on, or creating any form of graffiti on the property of another;
(I) Any criminal offense committed in violation of the laws of the United States or its territories, dominions, or possessions, any of the several states, or any foreign nation which, if committed in this state, would be considered criminal gang activity under this Code section; and
(J) Any criminal offense in the State of Georgia, any other state, or the

associate of a criminal street gang shall be admissible in any trial or proceeding. Evidence offered under this Code section shall not be subject to the restrictions in paragraph (22) of Code Section 24-8-803.[4]

On August 18, 2016, Santez filed a "Motion in Limine to Declare OCGA § 16-15-9 Unconstitutional and to Bar the Introduction of Third Party Convictions," arguing that the statute on its face violates the Confrontation Clause of the United States Constitution. Arnold filed an identical motion in limine on September 9, 2016, and the remaining Appellees adopted the motion at the September 19, 2016 hearing on the matter.

---

United States that involves violence, possession of a weapon, or use of a weapon, whether designated as a felony or not, and regardless of the maximum sentence that could be imposed or actually was imposed.

[4] OCGA § 24-8-803 (22) states in relevant part:
The following shall not be excluded by the hearsay rule, even though the declarant is available as a witness: . . . Evidence of a final judgment, entered after a trial or upon a plea of guilty but not upon a plea of nolo contendere, adjudging a person guilty of a crime punishable by death or imprisonment in excess of one year to prove any fact essential to sustain the judgment, but not including, when offered by the state in a criminal prosecution for purposes other than impeachment, judgments against persons other than the accused. . . .
OCGA § 16-15-9 was amended to ensure that convictions of third party gang members that were introduced into evidence for purposes of proving the existence of a criminal street gang and street gang activity would not be excluded based on the limitations set forth in OCGA § 24-8-803 (22). See Ga. L. 2016, p. 811, § 5/HB 874.

On September 23, 2016, the trial court entered an order finding that the admission of the third party convictions and the prior conviction of Cawthorne in the Appellees' trial would violate their Sixth Amendment rights to confront the witnesses against them. See Kirby v. United States, 174 U. S. 47 (19 SCt 574, 43 LE 890) (1899) (An attempt by the United States to introduce certified copies of convictions of three individuals for theft of government property as evidence in the prosecution of Kirby for being in receipt of that stolen property was improper, as the introduction of such evidence violated Kirby's Sixth Amendment rights). Accordingly, the trial court granted Appellees' motion to declare OCGA § 16-15-9 unconstitutional, and excluded the use of any of the third party convictions against the Appellees.[5]

---

[5] The trial court also excluded the use of Cawthorne's prior conviction against any of the Appellees besides Cawthorne (as it would violate those other Appellees' rights of confrontation), and excluded the use of Cawthorne's prior conviction against Cawthorne himself if he were to be tried with the other Appellees (because it would be "unusually difficult for a curative instruction to prevent the jury from misusing the Cawthorne evidence against the other defendants" to prove the existence of gang affiliation, not only for Cawthorne, but for *all* of the remaining Appellees as well). However, because the only issue presented on appeal deals with the constitutionality of OCGA § 16-15-9 as it relates to the admission of third party convictions to prove the alleged existence of a street gang, and not any issue relating to the admissibility of Cawthorne's individual conviction against Cawthorne himself, the constitutional issue is the only one that will be addressed in this opinion.

The State appeals from this ruling, and, for the reasons that follow, we conclude that the trial court correctly determined that OCGA § 16-15-9 is unconstitutional on its face to the extent that it authorizes the admission of the convictions of non-testifying non-parties as evidence of a criminal street gang. We therefore affirm the decision of the trial court.

In reviewing the State's claim that the trial court erred in concluding that OCGA § 16-15-9 is unconstitutional on its face,

> we recognize at the outset that all presumptions are in favor of the constitutionality of an Act of the legislature and that before an Act of the legislature can be declared unconstitutional, the conflict between it and the fundamental law must be clear and palpable and this Court must be clearly satisfied of its unconstitutionality. Moreover, because statutes are presumed to be constitutional until the contrary appears, the burden is on the party alleging a statute to be unconstitutional to prove it.

(Citation and punctuation omitted.) JIG Real Estate, LLC v. Countrywide Home Loans, Inc., 289 Ga. 488, 490 (2) (712 SE2d 820) (2011). Additionally,

> [a] facial challenge "is, of course, the most difficult challenge to mount successfully," United States v. Salerno, 481 U. S. 739, 745 (II) (107 SCt 2095, 95 LE2d 697) (1987), because it requires one to establish "that no set of circumstances exists under which the statute would be valid, i.e., that the law is unconstitutional in all of its applications, or at least that the statute lacks a plainly legitimate sweep." Blevins v. Dade County Bd. of Tax Assessors, 288 Ga. 113, 118 (3) (702 SE2d 145) (2010) (citation and punctuation

5

omitted).

(Punctuation omitted.) Bello v. State, 300 Ga. 682, 685-686 (1) (797 SE2d 882) (2017).

With these principles in mind, our analysis begins with the Sixth Amendment to the United States Constitution, which states in relevant part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him[.]" U. S. Const. Amend. 6. The United States Supreme Court has recognized for over 100 years that this right of confrontation contained in the Sixth Amendment is "[o]ne of the fundamental guarantees of life and liberty." Kirby, supra, 174 U. S. at 55. And, in this connection, the high Court has established through its ruling in Kirby that a criminal defendant is unconstitutionally deprived of his fundamental right of confrontation when third party convictions are used as a substitute for testimony against that defendant to prove an element of a criminal charge against him. Id. at 61.

In Kirby, the defendant was accused of theft by receiving stolen property. In order to prove the essential element of the crime that the property received by Kirby had actually been stolen, the prosecution relied on a portion of 18 Stat.

479 — a federal statute which stated that the receiver of the stolen property

> may be tried either before or after the conviction of the principal felon [who stole the property in question], but if the party has been convicted, then the judgment against him shall be conclusive evidence in the prosecution against such receiver that the property of the United States therein described has been embezzled, stolen or purloined.

Id. at 48, quoting 18 Stat. 479. Based on this federal statute, the prosecution introduced into evidence the guilty pleas of two individuals and the judgment of conviction of a third who had allegedly stolen the property that was later received by Kirby. However, the high Court concluded that the admission of this evidence to prove an element of the crime for which Kirby had been charged violated Kirby's Sixth Amendment right to confront the witnesses against him. Indeed,

> [i]nstead of confronting Kirby with witnesses to establish the vital fact that the property alleged to have been received by him had been stolen from the United States, he was confronted only with the record of another criminal prosecution, with which he had no connection and the evidence in which was not given in his presence. The record showing the result of the trial of the principal felons was undoubtedly evidence, as against them, in respect of every fact essential to show their guilt. But a fact which can be primarily established only by witnesses cannot be proved against an accused — charged with a different offense for which he may be convicted without reference to the principal offender — except by witnesses who confront him at the trial, upon whom he can look while being

7

tried, whom he is entitled to cross-examine, and whose testimony he may impeach in every mode authorized by the established rules governing the trial or conduct of criminal cases.

Id. at 55.

The Supreme Court went on to conclude that, to allow such evidence to be used to prove an element of the crime with which Kirby had been charged would

impair the very substance of [the] right [of confrontation] long deemed so essential for the due protection of life and liberty that it is guarded against legislative and judicial action by provisions in the Constitution of the United States and in the constitutions of most if not of all the States composing the Union.

Id. at 56. Accordingly, the high Court found that the portion of 18 Stat. 479 that allowed such evidence to be admitted was unconstitutional, because the statute operated "in violation of the clause of the Constitution of the United States declaring that in all criminal prosecutions the accused shall be confronted with the witnesses against him." Id. at 61.

Here, OCGA § 16-15-9 does exactly what the United States Supreme Court declared was constitutionally forbidden in Kirby. Again, the Georgia

8

statute states in relevant part:

> For the purpose of proving the existence of a criminal street gang and criminal gang activity*, the commission, adjudication, or conviction of any offense enumerated in paragraph (1) of Code Section 16-15-3 by any member or associate of a criminal street gang shall be admissible in any trial or proceeding*.

(Emphasis supplied.) By its plain language, the statute allows for third party convictions of any alleged street gang members who have committed any of the enumerated offenses in OCGA § 16-15-3 (1) to be used as proof against other individuals in any proceeding in which those other individuals are charged with the crime of participating in criminal gang activity. Specifically, in order to prove that an individual has participated in criminal gang activity, the State must show that the individual is, in fact, "employed by or associated with a criminal street gang," and that the individual in question has committed "any offense enumerated in paragraph (1) of Code Section 16-15-3." OCGA § 16-15-4 (a). Without proof of the existence of a relevant street gang with which the defendant is affiliated, the State obviously cannot satisfy its burden of proving that the criminal defendant is "employed by or associated with" such a gang in connection with any gang-related crimes that he has allegedly committed. See OCGA § 16-15-3. In this connection,

9

"Criminal street gang" means any organization, association, or group of three or more persons associated in fact, whether formal or informal, which engages in criminal gang activity as defined in [OCGA § 16-15-3 (1)]. The existence of such organization, association, or group of individuals associated in fact may be established by evidence of a common name or common identifying signs, symbols, tattoos, graffiti, or attire or other distinguishing characteristics, including, but not limited to, common activities, customs, or behaviors. Such term shall not include three or more persons, associated in fact, whether formal or informal, who are not engaged in criminal gang activity.

OCGA § 16-15-3 (2). Pursuant to OCGA § 16-15-9, the State is allowed to meet its burden of proving the existence of a criminal street gang and criminal gang activity, not only by

confronting [the defendant] with witnesses to establish the vital fact that [a street gang exists that is engaged in criminal gang activity, but by confronting the defendant] . . . with the record of another criminal prosecution, with which he had no connection and the evidence in which was not given in his presence.

Kirby, supra, 174 U. S. at 55. In this fundamental way, OCGA § 16-15-9 operates "in violation of the clause of the Constitution of the United States declaring that in all criminal prosecutions the accused shall be confronted with the witnesses against him." Id. at 61.

10

Contrary to the State's assertions, the third party criminal convictions of other alleged gang members admitted pursuant to OCGA § 16-15-9 cannot be classified as merely business or public records that are not "testimonial" in nature. See Bullcoming v. New Mexico, 564 U. S. 647, 659 (II) n.6 (131 SCt 2705, 180 LE2d 610) (2011) ("[B]usiness and public records 'are generally admissible absent confrontation . . . because — having been created for the administration of an entity's affairs and not for the purpose of establishing or proving some fact at trial — they are not testimonial'"), quoting Melendez-Diaz v. Massachusetts, 557 U. S. 305, 324 (III) (C) (129 SCt 2527, 174 LE2d 314) (2009); OCGA § 24-8-803 (8) (public records exception to rule against hearsay). Unlike administrative records, all third party convictions introduced pursuant to OCGA § 16-15-9 are created based on the results of a trial where testimony and evidence was taken to show the underlying basis for the conviction or based on a plea in which a factual basis and record was established to support the existence of the plea. Additionally, the third party convictions are used to prove facts underlying the crimes charged against entirely different defendants in their separate cases — specifically, that a particular gang exists with which the defendants are allegedly associated and that will allow their commission of

11

certain crimes to be considered to have been done in the furtherance of gang activity. See United States v. Causevic, 636 F3d 998 (II) (8th Cir. 2011). As the United States Supreme Court determined in Kirby and reaffirmed in Crawford v. Washington, 541 U. S. 36 (124 SCt 1354, 158 LE2d 177) (2004), convictions from non-testifying witnesses that are used to show an underlying element of another defendant's crime are among the types of "plainly testimonial statements" that cannot be admitted into evidence without running afoul of Sixth Amendment protections where the defendant has not had a prior opportunity to conduct cross-examination and the witness is unavailable.[6] See Crawford, 541 U. S. at 64 (V) (B) (citing United States v. Aguilar, 295 F3d 1018, 1021-1023 (9th Cir. 2002) — in which guilty pleas of non-testifying co-defendants were used to show existence of a drug conspiracy — to make clear that evidence presented in that case fell within realm of "plainly testimonial statements" that cannot be admitted into evidence without prior opportunity for cross-examination). See also Davis v. Washington, 547 U. S. 813, 825 (III) (A) (126 SCt 2266, 165 LE2d 224) (2006) (citing Kirby with approval and reaffirming

---

[6] Of course, nothing about this scenario can be read to suggest that a particular defendant's prior conviction could not be used against that *same* defendant in his or her own case under the proper circumstances.

12

that the Kirby case "clearly" dealt with "testimony" for purposes of Confrontation Clause analysis). This is the case because

> "testimonial evidence" encompasses not only "prior testimony that the defendant was unable to cross-examine," Crawford, 541 U. S. at 51-52, but also judgments of conviction based on trials during which the defendant was unable to cross-examine, *when those convictions are used as proof of facts underlying the crime charged*.

(Emphasis supplied.) Causevic, supra, 636 F3d at 1003-1004. See also Kirby, supra. Because third party convictions introduced pursuant to OCGA § 16-15-9 are used to "prov[e] the existence of a criminal street gang and criminal gang activity" in the cases of other defendants accused of engaging in criminal gang activity, the prior convictions are testimonial in nature and subject to the limits imposed upon their admissibility by the Sixth Amendment.[7]

As shown above, the United States Supreme Court's decision in Kirby is

---

[7] The fact that the State claims that it would introduce the third party convictions through the testimony of an expert on street gangs does not change the analysis. An expert would not serve as a substitute for the convictions themselves; nor would any cross-examination of the expert serve as a means of testing the underlying facts or validity of the convictions. Yet, the convictions would still be admitted as proof against Appellees to show that a gang existed that could ultimately connect them to criminal gang activity. In short, the existence of an expert does nothing to change the fundamental Sixth Amendment problem created by the introduction of the third party convictions themselves.

controlling in this case, and the Supreme Court has not abandoned its prior holding in <u>Kirby</u> in the 100 plus years since that case was decided. See <u>Crawford</u>, supra, 541 U. S. at 64 (V) (B); <u>Melendez-Diaz</u>, supra, 557 U. S. at 314 (III) (A) (citing <u>Kirby</u> with approval); <u>Davis</u>, supra, 547 U. S. at 825 (III) (A) (same). To the contrary, the high Court has consistently reaffirmed its holding in <u>Kirby</u>, and the continued viability and importance of that case is only made more evident under the circumstances created by OCGA § 16-15-9. Because OCGA § 16-15-9 on its face deprives criminal defendants of their fundamental right of confrontation in violation of the Sixth Amendment to the United States Constitution, the statute cannot pass constitutional muster and must be declared void to the extent that it authorizes the admission of the convictions of non-testifying non-parties as evidence of a criminal street gang. See Ga. Const. of 1983, Art. I, Sec. II, Par. V.

<u>Judgment affirmed. All the Justices concur.</u>

Decided October 30, 2017.

OCGA § 16-15-9; constitutional question. DeKalb Superior Court. Before Judge Seeliger.

<u>Sherry Boston, District Attorney, Anna G. Cross, C. Lance Cross, Dwayne</u>

A. Brown, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, for appellant.

Clegg & Daniels, Thomas S. Clegg; Gerald A. Griggs; Victor A. Cuvo; Maurice G. Kenner; Beverly J. Taylor; Bryan J. Henderson, for appellees.