310 Ga. 358
FINAL COPY

S21A0115. WOODS v. THE STATE.

Order of the Court.

John Thomas Woods was convicted of driving under the influence of alcohol (less safe), failure to maintain lane, and driving too fast for conditions, and he appeals, seeking to invoke this Court's jurisdiction over constitutional questions on the ground that the trial court rejected his claim that his right to equal protection was violated by application in his case of the lower standard for admitting expert witness testimony in criminal cases, see OCGA § 24-7-707, as opposed to the more stringent standard applied in civil cases, see OCGA § 24-7-702. However, this Court has previously rejected similar equal protection challenges, see *Mason v. Home Depot U.S.A., Inc.*, 283 Ga. 271 (658 SE2d 603) (2008); *Mitchell v. State*, 301 Ga. 563, 571-572 (4) (802 SE2d 217) (2017), disapproved in part on other grounds in *State v. Turnquest*, 305 Ga. 758, 775 n.15 (827 SE2d 865) (2019), and appellant's argument herein seeks merely to challenge the correctness of those decisions. Because this Court lacks jurisdiction over constitutional challenges to laws previously held to be constitutional against the same attack, see *Zarate-Martinez v. Echemendia*, 299 Ga. 301, 304 (788 SE2d 405) (2016), and because challenges to the correctness of this Court's decisions do not fall within the scope of this Court's subject matter jurisdiction, see generally Ga. Const. of 1983, Art. VI, Sec. VI, Par. II and III; OCGA § 15-3-3.1, appellant's equal protection argument fails to invoke this Court's appellate jurisdiction. Should appellant be dissatisfied with the decision of the Court of Appeals on this issue, however, he will have the opportunity to seek review via certiorari.

In addition, the remainder of the arguments that appellant makes on appeal require the mere application of well settled

constitutional principles to the facts of his case. Therefore, those arguments also provide no anchor for this Court's appellate jurisdiction. *City of Decatur v. DeKalb County*, 284 Ga. 434, 436 (668 SE2d 247) (2008) (the Court of Appeals has jurisdiction over cases "that involve the application, in a general sense, of unquestioned and unambiguous provisions of the Constitution to a given state of facts," quoting *Pollard v. State*, 229 Ga. 698 (194 SE2d 107) (1972)). For all of the reasons stated above, this Court transfers this appeal to the Court of Appeals.

*All the Justices concur.*

NAHMIAS, Presiding Justice, concurring.

I agree that this appeal should be transferred to the Court of Appeals at this point, but if that court affirms Woods's convictions, I would be inclined to grant a petition for certiorari asking this Court to reconsider its equal protection holding in *Mason v. Home Depot U.S.A., Inc.*, 283 Ga. 271, 273-275 (658 SE2d 603) (2008), as summarily extended to claims by criminal defendants in *Mitchell v. State*, 301 Ga. 563, 571-572 (802 SE2d 217) (2017).

I am authorized to state that Justice Blackwell and Justice Peterson join in this concurrence.

2

Ordered November 2, 2020.

Jurisdiction. Paulding Superior Court. Before Judge Lyles.

*Keegan C. Gary, Hunter J. Rodgers*, for appellant.

*Dick Donovan, District Attorney, Anthony B. Williams, Assistant District Attorney; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

*Mark A. Loudon-Brown*, amicus curiae.