313 Ga. 458
FINAL COPY

S22A0324, S22I0114. MONROE v. THE STATE.

ORDER OF THE COURT.

Upon review of the full record and the briefs of the parties, this Court has determined that the application for interlocutory appeal in this case was improvidently granted. Accordingly, the order granting the application is vacated, the application is denied, and the appeal is dismissed.

*All the Justices concur.*

PETERSON, Justice, concurring.

We granted Monroe's application for interlocutory appeal to decide the significant question of whether a competency trial is a civil proceeding subject to the standard for admission of expert testimony set forth in OCGA § 24-7-702 ("Rule 702"), which incorporates into Georgia law for civil cases the holding of *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (113 SCt 2786,

125 LE2d 469) (1993). See Rule 702 (a), (b), (f). This remains an important issue. Unfortunately, we have discovered a defect in this case that prevents us from reaching its merits here.

"An appellant's failure to attack alternative bases for a judgment results in the affirmance of that judgment." *Brown v. Fokes Props. 2002, Inc.*, 283 Ga. 231, 233 (2) (657 SE2d 820) (2008) (citation and punctuation omitted). Here, the trial court resolved Monroe's claim that the *Daubert* standard should apply on both timeliness and substantive grounds. At trial, it ruled that Monroe was not entitled to seek a hearing to litigate the expert testimony under Rule 702 because he did not request one before trial as required by the trial court's interpretation of the Rule. In its order denying Monroe's motion for new trial, the trial court held that the *Daubert* standard does not apply to competency trials because such proceedings are "quasi-criminal" in nature. But the court also noted its earlier timeliness ruling and left untouched its prior reasoning, even though it also provided an alternative ground for its decision.

Because Monroe has not challenged the timeliness rationale in

his appeal, he has failed to attack an alternative basis for the judgment below. As such, this case does not properly present the merits of either issue, and we correctly dismiss it today as improvidently granted. See, e.g., *Mendez v. Moats*, 310 Ga. 114, 114-15 (852 SE2d 816) (2020) (Nahmias, P. J., concurring) (agreeing with vacation of writ of certiorari as improvidently granted, despite important questions presented, due to procedural defects that prevented resolving them).

This dismissal should not be understood as casting any doubt on the importance of the *Daubert*-related question. Indeed, although not at issue in this case and despite this Court's holding to the contrary on at least one potential constitutional ground, serious questions exist as to whether the United States and Georgia Constitutions permit the admission of expert testimony in criminal cases that is deemed insufficiently reliable in civil cases. See, e.g., *Woods v. State*, 310 Ga. 358, 359 (850 SE2d 735) (2020) (Nahmias, P. J., concurring, joined by Blackwell and Peterson, JJ.) (expressing inclination in an appropriate case "to grant a petition for certiorari

3

asking this Court to reconsider its equal protection holding in *Mason v. Home Depot U.S.A., Inc.*, 283 Ga. 271, 273-275 (658 SE2d 603) (2008), as summarily extended to claims by criminal defendants in *Mitchell v. State*, 301 Ga. 563, 571-572 (802 SE2d 217) (2017)").

I am authorized to state that Chief Justice Nahmias and Presiding Justice Boggs join in this concurrence.

Ordered March 8, 2022.

Application for interlocutory appeal. Camden Superior Court. Before Judge Harrison.

*Karin Kissiah, Michael A. Schwartz*, for appellant.

*Keith Higgins, District Attorney, Robert German, Jr., Benjamin E. Gephardt, Assistant District Attorneys; Christopher M. Carr, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General*, for appellee.

*Mark A. Loudon-Brown, M. Chris Fabricant*, amici curiae.