**SECOND DIVISION**
**RICKMAN, C. J.,**
**MILLER, P. J., and PIPKIN, J.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**June 7, 2022**

# In the Court of Appeals of Georgia

A22A0264. THE STATE v. THOMAS et al.

PIPKIN, Judge.

In a 45-count indictment, Shura Thomas, Delante Hamilton, Victor Urena, and Lorenzo Waller (collectively, "Appellees") were charged with, among other things, aggravated assault, armed robbery, and numerous violations of the Georgia Street Gang Terrorism and Prevention Act (OCGA § 16-15-1 et seq.).[1] The State appeals the trial court's pre-trial ruling excluding evidence of the prior convictions of Thomas, Urena, and Waller against any defendant for any purpose. For the reasons discussed below, we affirm in part, reverse in part, and remand for further proceedings.

The charges against Appellees arise from the assault and robbery of five men at a Gwinnett County apartment. The State expects the evidence to show that Tristi

---

[1] Only Waller and Hamilton have filed responsive briefs in this case.

Edmond and Kelsey Augustin, who were indicted alongside the Appellees,[2] participated in a "bikini contest" at a local sports bar and then accompanied two of the victims to an apartment, where the women had agreed to perform a "private dance" for $200. While at the apartment, Edmond placed a call on her cell phone and, while talking on the phone, opened the front door to admit the masked and armed Appellees into the apartment. The victims were forced to the ground at gunpoint and robbed of their wallets and personal items; one victim was pistol-whipped. The State also plans to show that Appellees are members of a criminal street gang – specifically, the 3400 Black Migo Gang, a subset of the Black Migo Gang – and that the alleged crimes were committed in furtherance of criminal street gang activity.

As part of its pre-trial motions, the State filed a "notice and motion" to introduce a wealth of evidence of Appellees' purported gang activity gathered during its investigation, including, as relevant here, certain prior felony convictions of Thomas, Urena, and Waller. The State sought to admit this evidence pursuant to OCGA § 16-15-9 and indicated its intent to introduce each defendant's prior convictions against all Appellees for purposes of proving the existence of a criminal street gang and criminal

_____

[2] Edmond and Augustin are not parties to this appeal.

gang activity.[3] In the motion, the State indicated its opposition to bifurcation of the gang-related charges and to severance of Appellees' trials.

Following a hearing, the trial court denied the State's motion "to admit any single defendant's conviction(s) in this multi-defendant case." Relying on our Supreme Court's decision in *State v. Jefferson*, 302 Ga. 435 (807 SE2d 387) (2017), the trial court concluded that "admission of any convictions of one co-defendant is unconstitutional to the remaining three co-defendants." As a caveat to its ruling, the trial court noted that if Appellees' trials were severed, it would permit the State to introduce evidence of a defendant's own convictions at that defendant's trial, but the trial court reiterated that it would not allow the introduction of "any conviction against one in a trial of all four." It is from this order that the State appeals.

1. Before reaching the merits of the case, we must first address Waller's claim that jurisdiction over this matter rests with our Supreme Court because, he says, "the constitutionality of OCGA § 16-15-9 has been drawn into question[.]" We disagree.

The Supreme Court's exclusive appellate jurisdiction over constitutional questions "extend[s] only to constitutional issues that were distinctly ruled on by the

---

[3] The State's motion also sought to admit this evidence pursuant to OCGA §§ 16-15-3 (3), 24-4-403, and 24-4-418; however, the trial court's ruling addressed only whether the evidence was admissible under OCGA § 16-15-9.

trial court[.]" (Citation and punctuation omitted.) *State v. Davis*, 303 Ga. 684, 687 (1) (814 SE2d 701) (2018). And here, the record shows that the constitutionality of OCGA § 16-15-9 was not directly – or even indirectly – challenged below, and the trial court did not rule on it. Instead, the trial court's ruling was premised on the *Jefferson* decision, and on appeal, the State questions whether the trial court properly applied *Jefferson* to the facts of this case. The State's argument thus does not invoke the Supreme Court's appellate jurisdiction. See *Woods v. State*, 310 Ga. 358, 359 (850 SE2d 735) (2020) (Arguments that "require the mere application of well settled constitutional principles to the facts of [a] case . . . provide no anchor for [the Supreme Court's] appellate jurisdiction.").

2. We turn now to the State's claim that the trial court erred by concluding that *Jefferson* mandates the exclusion of evidence of a defendant's prior convictions for any purpose at a joint trial. We conclude that the trial court erred in ruling that the prior convictions are wholly inadmissible.

"Like other evidence, the admission of evidence of gang activity is committed to the sound discretion of the trial court, and the court's decision to admit [or exclude] such evidence will not be disturbed on appeal absent an abuse of discretion." *Taylor v. State*, 304 Ga. 41, 46 (3) (816 SE2d 17) (2018). But as we have observed, the abuse-

4

of-discretion standard "does not permit a clear error of judgment or the application of the wrong legal standard." (Citation and punctuation omitted.) *State v. Johnson*, 354 Ga. App. 447, 458 (2) (841 SE2d 91) (2020).

OCGA § 16-15-9 provides that "the commission, adjudication, or conviction of [criminal gang activity, as defined by OCGA § 16-15-3 (1), (2)] by any member or associate of a criminal street gang shall be admissible in any trial or proceeding" "[f]or the purpose of proving the existence of a criminal street gang and criminal gang activity[.]" In *Jefferson*, our Supreme Court considered the constitutionality of OCGA § 16-15-9, ultimately deeming it unconstitutional "to the extent that it authorizes the admission of the convictions of non-testifying non-parties as evidence of a criminal street gang." *Jefferson*, 302 Ga. at 443. As the Court explained, convictions of third-party gang members

> that are used to show an underlying element of another defendant's crime are among the types of "plainly testimonial statements" that cannot be admitted into evidence without running afoul of Sixth Amendment protections where the defendant has not had a prior opportunity to conduct cross-examination and the witness is unavailable.

(Citation omitted.) Id. at 442. Accordingly, the trial court's finding that the prior convictions of one defendant are inadmissible against the remaining co-defendants

5

represents a faithful application of *Jefferson*, so we affirm that portion of the trial court's ruling.[4]

We cannot, however, affirm the remaining portion of the trial court's ruling – namely, that a defendant's own prior convictions are inadmissible against that same defendant at the Appellees' joint trial – as that ruling rests exclusively on an overly broad reading of *Jefferson*, a reading that is contradicted both by *Jefferson* itself as well as by subsequent decisions of our Supreme Court. See id. at 442 n.6. Indeed, the Supreme Court has repeatedly emphasized the limited scope of *Jefferson*'s holding. *Jefferson* operates to exclude "evidence that *third-party gang members* have committed any of the [offenses enumerated in OCGA § 16-15-3]" for use as proof against a particular defendant. (Citation and punctuation omitted; emphasis in original.) *Anthony v. State*, 303 Ga. 399, 409 (8) n.16 (811 SE2d 399) (2018). And our Supreme Court has been quite clear that *Jefferson* is *not* implicated where a defendant "objects to the admission of evidence of his own criminal activity (and not the criminal activity of third-party gang members)[.]" Id.[5] Therefore, the trial court abused its discretion by

---

[4] The State does not appear to challenge this part of the trial court's ruling.

[5] See also *Overstreet v. State*, 312 Ga. 565, 576 (2) n.8 (864 SE2d 14) (2021); *Dunn v. State*, 312 Ga. 471, 476 (2) n.4 (863 SE2d 159) (2021); *McKinney v. State*, 307 Ga. 129, 134-135 (2) (a) (834 SE2d 741) (2019).

6

relying on *Jefferson* to exclude evidence of a defendant's own prior convictions for use against that same defendant at a joint trial, so we reverse that part of its ruling and remand for further proceedings. See *Johnson*, 354 Ga. App. at 458.

We emphasize that our holding here is confined to the narrow question of whether *Jefferson* requires the wholesale exclusion of the Appellees' prior convictions. While there may be good reason to exclude evidence of one defendant's own prior convictions for use against that same defendant at the Appellees' joint trial, we conclude only that *Jefferson* does not supply such a reason. And because our holding is a limited one, this decision should not be read to express any opinion concerning whether the evidence of the prior convictions here ultimately should be excluded, a question which is reserved, at least in the first instance, to the trial court and its sound discretion. We thus leave it to the Appellees on remand to raise further challenges to the admissibility of the prior convictions, should they choose to do so. We likewise express no opinion on the State's extensive arguments, which the trial court has not yet considered, regarding the admission of the prior convictions through avenues other than OCGA § 16-15-9.

*Judgment affirmed in part and reversed in part, and case remanded with direction. Rickman, C. J., and Miller, P. J., concur.*

7