**THIRD DIVISION**
**DOYLE, P. J.,**
**MARKLE and PADGETT, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**September 3, 2025**

# In the Court of Appeals of Georgia

A25A1462. THE STATE v. RENDER.

DOYLE, Presiding Judge.

Pursuant to OCGA § 16-15-9, the State moved to admit extrinsic evidence of a crime committed by non-parties ("September shooting") to establish the existence of a street gang in its case against Demarreun Render for his alleged participation in a separate 2022 gang-related drive-by shooting. After a hearing, the trial court denied the State's motion and excluded evidence of the September shooting under OCGA

§ 24-4-403. The State appeals,[1] arguing that the trial court abused its discretion by denying the motion. For the reasons that follow, we affirm.

The record shows that a grand jury returned a 34-count indictment against Render and Kentavious Wright for crimes stemming from an August 3, 2022 incident in which the two were alleged to have shot into a vehicle, resulting in the injury of a three-year-old child. In addition to aggravated assault, attempted murder, armed robbery, and weapons charges, the State charged the two with violations of the Street Gang Terrorism and Prevention Act ("Gang Act").[2]

---

[1] At 3:19 p.m. on Sunday, August 14, 2024, the State filed a motion for extension of time to file its appellate brief, and it also filed what it called a "draft" brief, claiming that the State's attorney did not have access to the appellate record and therefore did not include record citations. This Court granted the motion for extension the following day. Nevertheless, the State failed to file an amended brief with the required citations to the record. See Court of Appeals Rule 25 (d) (1) ("Any enumeration of error that is not supported in the brief by citation of authority or argument may be deemed abandoned."), (d) (1) (i) ("Each enumerated error shall be supported in the brief by specific reference to the record or transcript. In the absence of a specific reference, the Court will not search for and may not consider that enumeration."); *Colclough v. Dept. of Human Svcs.*, 367 Ga. App. 567, 570 (1) (887 SE2d 407) (2023) ("It is the appellant's burden, as the party challenging the ruling below, to affirmatively show error from the record on appeal.") (punctuation omitted).

[2] See OCGA § 16-15-4. The State also filed, pursuant to OCGA §§ 24-4-418, and 16-15-9, a motion to admit other acts evidence of Render's convictions for a 2014 drug sale and 2020 armed robbery, which motion the trial court granted.

After the incident, the victims identified Wright by his alias, and officers determined he was wearing an ankle monitor at the time, allowing them to corroborate the witnesses' statements that he was involved in the crime with the monitor's location tracking data. A few weeks later, Wright was taken into custody on August 19, and he was interviewed by investigators at which time he identified Render as the shooter. Officers downloaded information from Wright's cell phone and from a social media application, including pictures of Render and Wright wearing colors and making hand gestures connected to a street gang called Four Pockets Full ("4PF"). Officers did not arrest Render until December 2022, when he was taken into custody after a vehicle stop in which a weapon matching the description of the shooting weapon was discovered in a handbag belonging to another occupant of the vehicle.

The parties consented to sever the trials of Render and Wright, and the State moved to admit evidence of the September shooting, which occurred approximately two months after the shooting at issue in this case. At the hearing on the motion, the State proffered evidence related to the September shooting, which involved several individuals not connected to this incident who ambushed individuals in Atlanta, firing into their vehicle from another vehicle. The September shooting resulted in the death

of one of the victims, and the individuals charged in the incident pleaded guilty to several charges, including Gang Act counts alleging that the September shooting was a gang-related act by members of 4PF. The State contended that it needed this evidence because Render was expected to raise a "record label" defense to argue that 4PF was a record label and not a street gang.

After the hearing, the trial court denied the State's motion to admit evidence of the September shooting, finding that its probative value was "substantially outweighed by its strong potential to confuse the issues and would present itself as a needless presentation of cumulative evidence."

On appeal, the State contends that the trial court applied the incorrect legal standard to deny its motion in limine to admit evidence under OCGA § 16-15-9, and therefore, the court's decision was an abuse of discretion. We disagree.

> Like other evidence, the admission of evidence of gang activity is committed to the sound discretion of the trial court, and the court's decision to admit or exclude such evidence will not be disturbed on appeal absent an abuse of discretion. But as we have observed, the

abuse-of-discretion standard does not permit a clear error of judgment or the application of the wrong legal standard.[3]

In this case, the evidence of the September shooting was offered by the State under OCGA § 16-15-9, which states that

[f]or the purpose of proving the existence of a criminal street gang and criminal gang activity, the commission, adjudication, or conviction of any offense enumerated in paragraph (1) of Code Section 16-15-3 by any member or associate of a criminal street gang shall be admissible in any trial or proceeding. Evidence offered under this Code section shall not be subject to the restrictions in paragraph (22) of Code Section 24-8-803 [pertaining to hearsay].

As an initial matter, the Supreme Court of Georgia has reviewed this Code section and affirmed a trial court finding that "OCGA § 16-15-9 is unconstitutional on its face to the extent that it authorizes the admission of the convictions of non-testifying non-parties as evidence of a criminal street gang."[4] Pretermitting

---

[3] (Citations and punctuation omitted.) *State v. Thomas*, 364 Ga. App. 148, 149 (2) (874 SE2d 195) (2022), quoting *Taylor v. State*, 304 Ga. 41, 46 (3) (816 SE2d 17) (2018); *State v. Johnson*, 354 Ga. App. 447, 458 (2) (841 SE2d 91) (2020).

[4] *Jefferson v. State*, 302 Ga. 435, 437 (807 SE2d 387) (2017).

whether this evidence falls within that analysis,[5] the argument before the trial court

and in the briefs applies OCGA § 24-4-403, which states that

> [r]elevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Exclusion of relevant evidence under this rule is an extraordinary remedy, which should be used only sparingly, and the balance should be struck in favor of admissibility.[6]

The State argues that the trial court failed to apply the correct standard because

it did not recite the word "unfair" in its analysis quoted above, but it is clear that the

trial court was aware of the correct standard and did not abuse its discretion in

---

[5] Compare *Pierce v. State*, 319 Ga. 846, 854-855 (4) (907 SE2d 281) (2024) (holding that expert testimony regarding "gang members' conduct at different levels of generality, addressing, among other things, the gang's general mode of operation, general categories of crimes engaged in by gang members, and investigations of specific gang-related crimes" was not testimonial and the defendant failed to identify specific testimony that involved specific crimes or constituted a Confrontation Clause violation).

[6] (Punctuation omitted.) *Overstreet v. State*, 312 Ga. 565, 575 (2) (864 SE2d 14) (2021).

denying the State's motion.[7] In this case, the September shooting involves neither Wright nor Render,[8] would introduce a long cast of perpetrators and defendants unrelated to the incident at issue,[9] and would introduce evidence of a murder not a part of this indictment, producing confusion and potentially unfairly inflaming the passion of the jury. The State has evidence available to it to connect Render to the charged crimes, to his involvement in 4PF, and to the existence of 4PF as an active gang. Accordingly, we decline to hold that the trial court abused its discretion by denying the State's motion to admit evidence of the September shooting.

*Judgment affirmed. Markle and Padgett, JJ., concur.*

---

[7] See *Williams v. State*, 306 Ga. 674, 677 (2) (832 SE2d 843) (2019) ("[W]e generally presume that a trial court understood the nature of its discretion and exercised it, unless the record shows otherwise."); *Williams v. State*, 328 Ga. App. 876, 880 (1) (763 SE2d 261) (2014) (explaining that the abuse of discretion standard "recognizes the range of possible conclusions the trial judge may reach").

[8] Compare with *Overstreet*, 312 Ga. at 575-576 (2) (holding that trial court did not abuse its discretion by admitting testimony regarding the defendant's prior guilty pleas to other gang-related crimes to establish existence of the gang and the defendant's involvement therein).

[9] Compare with *Pierce*, 319 Ga. at 856-857 (5) (admitting testimony of a robbery victim who was robbed by other members of the defendant's alleged gang was not an abuse of discretion).